Kilgo *vs.* Castleberry.

---

T. H. KILGO, plaintiff in error, *vs.* R. J. CASTLEBERRY, defendant in error.

1. When an attachment is levied on real estate, and, before judgment on the attachment, an execution on a common law judgment, in favor of other parties, against the defendant is levied on said real estate, the sheriff may sell under the last levy and the purchaser gets a good title.
2. When an execution against two joint obligors is levied upon the property of one of them, the other defendant has a right to buy the property at the sale, and he gets the full title of his co-defendant to the property.
3. Mere general charges of fraud, without specification of fraudulent acts, are not sufficient to give a Court of Equity jurisdiction to set aside a sheriff's sale.
4. When a *fi. fa.* against two joint obligors, mutually interested in the consideration, is satisfied by the sale of the property of one of them, the other is indebted to him for contribution according to the equitable rights of the two in the original contract, and the creditors of the obligor whose property has been sold, may reach this obligation to contribute, by process of garnishment, and have, therefore, a remedy at law.

Equity Contribution, etc. Decided by Judge IRWIN. Lumpkin Superior Court. May Term, 1868.

Kilgo sued out an attachment against Benjamin F. Castleberry, as a non-resident, for $50 00, and had the same levied on certain lots of land in said county. He obtained judgment therefor, on the 6th of August, 1866. Pending this attachment, one Francis H. Stork, administratrix, obtained a common law judgment against said Benjamin F. Castleberry and Richard J. Castleberry, (his brother,) upon their joint obligation, had a *fi. fa.* issued thereupon, and levied on said lots of land as the property of the said Benjamin F. The

Kilgo *vs.* Castleberry.

lands were sold under said *fi. fa.*, by the sheriff, and said Richard J. Castleberry bought the lands for $165 00, and went into possession of them.   Afterwards the attachment *fi. fa.* was levied on the said lands as the property of said Benjamin F., the same were sold by the sheriff, and Kilgo bid them off for $60 00; but Richard J. Castleberry would not give possession to Kilgo.

Thereupon Kilgo filed his bill in equity, stating said facts, and that the lands were worth $5,000 00 because of supposed minerals therein, that this purchase by Richard J., was with notice of the levy of said attachment and was a fraud upon Kilgo as a creditor of said Benjamn F., and was intended to defeat him in the collection of his said debt, that he had offered to relinquish all his claims, if Richard J., would pay off the attachment *fi. fa.*, but he would not pay it, that said sale to Richard J. was obtained by fraud or collusion by said Richard J. and Benjamin F., to defeat said Kilgo, and the price paid for it was wholly inadequate, the annual rental of the land being worth $200 00.

This bill was demurred to upon the ground that it contained no equity, etc.   The Chancellor sustained the demurrer and dismissed the bill.   This is assigned as error.

WEIR BOYD, WIMPY, for plaintiff in error.

W. P. PRICE, for defendant in error.

McCAY, J.

1. The entry on an attachment of the levy upon land, does not create a lien, as against a judgment obtained before judgment on the attachment.   There was, therefore, no reason why the common law judgment should not sell the property. Our attachments are only *quasi* proceedings *in rem*, so that the land can in no proper sense have been locked up by the first levy.   In practice, there is fact no seizure of land by a levy in this State.   Nothing is done but the entry and notice to the tenant.

2. Why might not R. J. Castleberry buy at the sale?

Public policy would rather promote than forbid, bidding, and Mr. Castleberry was interested in having the land bring at least enough to pay the *fi. fa.* That he was one of the co-defendants, does not, to our minds, affect his right to bid. So far as the validity of the sale is concerned, we do not see but that the defendant, as whose property the land was sold, might have bid, and if the highest bidder, have been the purchaser. There is no charge that the sale was not duly advertised. Why was not Kilgo present, and himself a bidder?

3. It is true there is a charge in the bill, of fraud, but it is a mere general charge, and states no facts. Equity will not interfere, without some specific allegation of facts, which the Court may pronounce fraud.

4. If the sale was illegal, complainant has a remedy at law. In every view of it we think the Judge was right.

If it be true that this *fi. fa.* selling the land was a joint debt, both defendants equally interested in the consideration, or if R. J. Castleberry was the principal, we will not say that the complainant may not have his remedy by garnishment. In that case, Benjamin F. Castleberry's land having paid the whole debt, R. J. Castleberry would have been indebted to Benjamin so much for money paid to his use.

Judgment affirmed.