Shauck, J.
It was the duty of the sheriff, under the order, to sell the premises for cash, there being no order or direction to the contrary. Revised Statutes, sec. 5381.
It was also his duty to return the writ within sixty days from the date thereof. Revised Statutes, sec. 5418.
His manifest failure to perform these duties leaves the single question whether such failure subjects him to amercement under the circumstances shown by the evidence. The relevant provisions of section 5594 of the Revised Statutes are: £,If an execution or order of sale, directed to an officer, come to his hand to be executed, and he neglect or refuse to execute it; or if he neglect or refuse to sell property of any kind which, by any writ or order, he is directed to sell; * * * or neglect to return to the proper court an execution or order *57 of sale to him directed, on or before the return day thereof; * * * such officer shall, on motion in court, and notice thereof in writing, as'provided in the next section, bo amerced in the amount of such judgment, including costs, with ten per cent, thereon, to or for the use of such plaintiff * * This statute is penal • and authoritative decisions, as well as a familiar principle applicable to such statutes, require that it be strictly construed to the end that the officer shall be amerced in such cases only as are clearly within the provisions and purposes of the statute. That, however, is the only legitimate end of the rule of strict construction. It should not be made a pretext for the judicial annulment of statutes.
It is contended that the sheriff’s failure to return the writ is excusable, because the plaintiff failed to demand of him the performance of that duty. No other excuse is offered. Plainly, the statutory provisions referred to impose upon him the duty of making the return without demand. The terms of the statute suggest no condition to the duty, and a previous demand would not be consistent with the nature of the duty for whose performance the entire term of sixty days is allowed. This view of the officer’s absolute duty to make the return is, by apt language, carried into the section which provides for his amercement. The provision is that “if he neglect to return to the proper court,” etc., he shall be amerced. Neglect, in a statute qf this character, means the failure to perform a duty which it is the officer’s duty to perform without demand. Kimball v. Rowland, 6 Gray, 224. That the word is used in its proper sense in the provision under consideration is shown by the discriminating use, in the same section, of other words with reference to other duties as to which a demand is necessary to place the officer in default.
Counsel for the plaintiff in error also contend that the sheriff failed to execute the order of sale, because Ginder could not purchase his own property. Unquestionably, the mortgagor’s right to redeem continues not only until the sale, but until confirmation thereof, and if Ginder, as purchaser, *58 had paid enough money to satisfy the judgment, the plaintiff would have no substantial cause for complaint.
F. ' W. Wood and Walter B. Page, for plaintiff.
J. T. Holmes and J. S. Friesner, contra.
In Murfree on Sheriffs, section 1006, it is said that a defendant may purchase at a judicial sale of his own property. In support of this proposition, the author cites Neilson v. Neilson, 5 Barb. 565, and Kilgo v. Castleberry, 38 Ga. 512. Neither case supports the text, the point decided in both being that one of two excution debtors may purchase at a judicial sale of the property of the other.
Confining our view to the case before us, it seems clear that the sheriff failed to execute the writ. It is held in well considered cases that where a sheriff, in the execution of an order to sell for cash, closes the sale to a bidder who does not pay the price, he makes himself responsible for the bid. Robinson v. Brennan, 90 N. Y. 208 ; Disston v. Strauk, 42 N. J. L. 546. Although the plaintiff in such case may re-sell the property as that of the purchaser, and charge him with any deficiency there may be in the price at such re-sale, or proceed against him directly for his failure to pay the amount of his bid, the sheriff is still liable for his failure to perform the duties enjoined upon him by the writ. It is very evident that in this case, the right of the plaintiff to proceed against the bidder would have been of no value, and the case well illustrates the consequences that would follow the rule adopted in this case by the court below. If the course pursued by the sheriff should he held to have been an execution of the writ, the same course would answer his duty in all other orders that might be issued. It would result that by selling the property to the defendant without payment of his bid the execution of the orders would be defeated.
The judgment will be reversed; and, as there is no conflict in the evidence upon any material question, the motion will be sustained and the cause remanded to the court of common pleas for execution.