Hufbauer *et al. v.* Jackson.

1. Unless expressly authorized by the instrument creating the trust, or by judgment of a court of competent jurisdiction, a trustee of a married woman and minor children has no power to sell land except by virtue of an order of a judge of the superior court.
2. Where a suit was brought by a trustee in a county court for the purchase money of land and was appealed to the superior court, though the appeal was by consent of parties, the court had no jurisdiction to render a decree requiring a conveyance of the land to be made upon the payment of the purchase money, and the beneficiaries of the trust, not being parties to the decree and not having assented to or ratified the same, are unaffected thereby.
3. Where the defence set up by plea and established by evidence is plainly an insufficient answer to the plaintiff's action, it is error for the court to direct a verdict for the defendant.

February 27, 1893.

Before Judge Miller. Houston superior court. April term, 1892.

Mrs. Hufbauer and Mary E., W. N. and R. B. Goff, her children, sued Jackson in complaint for land. Defendant pleaded specially former recovery in the same case, and a judgment of the superior court of the county, between plaintiffs and defendant, concerning the same subject-matter. He attached to his plea, as an exhibit, the petition of Thomas B. Goff as trustee for his wife (now Mrs. Hufbauer) and her children, in the county court of the county, against Jackson, setting up an indebtedness to plaintiff of $250 with interest, for balance of purchase money of the land now in question, with consent agreement by attorneys for both sides that the cause should be taken to the superior court by consent appeal. Also, pleas filed by defendant in the superior court, and among others this plea: Defendant stands ready to pay to plaintiff, trustee of Mrs. Goff and her children, the $250 upon good and sufficient title to the land being decreed to him by the court as against the trustee and the *cestui que* trust, and prays that the title

to the land be decreed to be in him as against them, upon his complying with his undertaking. Also, a verdict of the jury finding in favor of Goff, as trustee, against defendant the $250, and that on payment of said sum the title to the land be decreed to be in defendant free from the trust deed and title of Goff, trustee of his wife and children, and affirming the sale of the land by Goff, trustee, to defendant. Also, a decree upon and following this verdict.

Upon hearing the evidence in the present case the judge ordered a verdict for defendant, stating that the plea was a good plea in law, the facts set out therein being sustained by the evidence. Plaintiffs excepted.

Mrs. Hufbauer testified: I was the wife of Goff, and the other plaintiffs are his children. I was in possession of the property, having received it by deed from Jacob Goff. My husband was trustee, and my possession of the property began with the date of the deed. I never authorized any one to sell the land, nor did any of my children, and never received any money from any sale of it; have never made a deed to it, nor authorized any one to do so. I held it as my property in good faith, and claim it as mine. It is worth $100 per annum rent, and I have received nothing for the use of it since January, 1892.—The deed from Jacob Goff to Thomas Goff, trustee, executed March 31, 1868, was put in evidence. The consideration was love and affection of Jacob Goff to his daughter-in-law, and $200. It was made to Goff, "trustee, for the use, benefit and advantage in trust for said Juliet B. Goff and her children she now has, and those she may hereafter have by her present husband." "To have and to hold . . unto him the said Thomas B. Goff, in trust for said Juliet B. Goff . . and all of her children as aforesaid, forever in fee simple, free from the debts, liabilities and control of her present husband, to their only benefit and behoof." For defendant,

B. M. Davis testified: Was employed by Goff, trustee, to collect the money for the purchase of the land sued for, out of Jackson. After the appeal to the superior court the parties got together and settled the case, and agreed to a decree making title to Jackson upon payment of the money. Jackson paid me the money for the trustee. I sent the money to him, except a small amount which was to be paid upon Mrs. Goff signing a deed to Jackson to the land. She refused to sign the deed.

M. G. BAYNE, for plaintiff.

C. C. DUNCAN, by brief, for defendant.

BLECKLEY, Chief Justice.

1. There can be no doubt that, unless expressly authorized by the instrument creating the trust, a trustee has no power, without the voluntary consent of all the beneficiaries, to sell and convey the *corpus* of the trust property. He must obtain an order of sale from a court of competent jurisdiction, or from the judge of the superior court, upon a proper application. Code, §2327. The deed which constituted Goff trustee for his wife and children was silent as to any sale or power to sell. And there is no suggestion that any order of sale was applied for or granted, and no proof that the beneficiaries consented. The case turns, therefore, at its present stage, altogether upon the plea of former recovery.

2. That plea sets up a judgment or decree by the superior court in a case brought in the county court and carried by appeal to the superior court, the appeal being founded on consent of parties. These parties were Goff, as trustee for his wife and children, on the one side, and Jackson on the other. The wife and children of Goff were not parties, and were not before the court. The purpose of the suit was to recover of Jackson a sum as purchase money of the land now in controversy. Pending the appeal in the superior court, Jackson filed

an equitable plea in which he offered to pay the amount claimed, upon good and sufficient title to the land being decreed to him as against the trustee and the beneficiaries of the trust, and prayed that the title be decreed to be in him on compliance with this offer. A verdict was rendered, confirming the sale by Goff, as trustee, to Jackson, and declaring that, on the payment of $250 with interest and costs, the title be decreed to be in Jackson free from the trust deed and from the title of the trustee and the beneficiaries. On this verdict a decree was entered and signed in substantial conformity to the terms of the verdict; and this is the decree pleaded as a former recovery. There was evidence that Jackson had complied substantially with the decree on his part, but none whatever showing that the beneficiaries of the trust had ever received or enjoyed any of the money, or had assented to the decree or in any manner ratified it. So far as evidence went, it was directly to the contrary.

We need not say whether this adjudication would have been binding upon the beneficiaries of the trust had it been made in an action brought by the trustee originally in the superior court. We are clear that as the suit went by appeal from the county court to the superior court, the jurisdiction of the latter over it, as to subject-matter, was no larger than was the jurisdiction of the former; and it is certain that a county court could not, upon an equitable plea, or upon any other pleading, determine and control the title to land, or confirm a sale made by a trustee and fix title in the purchaser, by mere force of the adjudication. In trying an appeal from a county court, the superior court can deal with no question of merits except such as could have been raised in the county court, and can render no final judgment except such as the county court had jurisdiction to render. *Greer* v. *Burnam*, 69 *Ga.* 734.

3. The plea, construed in the light of the record attached to it as an exhibit, was obviously insufficient as an answer to the present action.   This being so, whether the evidence sustained it or not, the court should not have directed a verdict for the defendant.   Though the proper practice was for the plaintiffs to demur to the plea and have it stricken, their failure to do this would not justify directing a verdict manifestly wrong, and finally disposing of the case on an issue which should not control it.                        *Judgment reversed.*