## ADAMS *v.* JOHNSON, executor, *et al.*

The disposition, in a paper offered for probate as the last will and testament of a decedent, of property which the alleged testator may not own, does not give the superior court, in the exercise of equity powers, jurisdiction to cancel the alleged will as a cloud on the title of one averring himself to be the true owner of part of the property devised, or to enjoin its probate by the nominated executor.

Submitted October 14,—Decided November 18, 1907.

Equitable petition. Before Judge Mitchell. Thomas superior court. April 16, 1907.

Thomas Adams was the owner of certain realty which, in 1869, was duly set apart as a homestead for himself as head of a family, consisting of his wife, Georgia. Adams, and eight minor children. In 1882 he procured an order for the sale of the homestead property and the reinvestment of the proceeds in a certain tract of land. The deed was executed to Georgia Adams, as grantee, and contained the following recitals: "Said tract of land being purchased by the said Georgia Adams with the proceeds from the sale of lands set apart to Thomas and Georgia Adams as a homestead for themselves and children, the said tract of land to stand in place and stead of land heretofore set apart to Thomas and Georgia Adams as aforesaid." Thomas Adams died on January 6, 1905. In July, 1905, Georgia Adams executed what purports to be her last will and testament, devising all her real estate and personal property to her six daughters, and excluding her sons, Aaron and Thomas; in which will A. S. Johnson was named as executor. Georgia Adams died in November, 1905, and her nominated executor offered her will for probate in solemn form in the court of ordinary. Pending the proceedings for probate Aaron Adams filed his petition alleging the foregoing facts; and further, that the real estate devised, though not specifically described, is the property of his father's estate; that all the children are of age, and the homestead estate has terminated; and

that Johnson, the nominated executor, is insolvent. He prays, that a receiver be appointed to take charge of the homestead land and personalty; that the executor be enjoined from further proceeding to probate the will of Georgia Adams, and that the alleged will be set aside and canceled as a cloud upon the title of petitioner and the other heirs at law of Thomas Adams. The executors and other heirs of Thomas Adams are made parties. The executor filed a general demurrer, and to the order of the judge sustaining that demurrer the plaintiff excepted.

*Theodore Titus,* for plaintiff.

*S. A. Roddenbery,* for defendants.

. EVANS, P. J. (After stating the facts.) The remedy by petition quia timet to remove a cloud on the title was never intended to supplant the usual and proper remedies at law for testing the superiority of two legal titles, where there are no supervening circumstances calling for equitable relief. Two antagonistic titles to a tract of land may usually be settled in an ejectment suit, or statutory complaint for land, and the superiority of the better title finally adjudicated. Even if it be conceded that the effect of the deed of reinvestment of the homestead property to Mrs. Georgia Adams, construed in the light of its recitals, and the proceedings by virtue of which it was executed, did not amount to a divestiture of Thomas Adams' title, the plaintiff's interest would be that of an heir at law of his father;—his brothers and sisters being his coheirs. Therefore, admitting, for the purpose of considering the plaintiff's right to the remedies he seeks, the correctness of his contention, he only asserts a legal title to his proportionate part of the property in controversy. He alleges that the defendants are in possession, and presents no reason why he may not try with them, in an ejectment or partition suit, the validity of his alleged title. The rule which denies a plaintiff who is out of possession, and who alleges no necessity for equitable intervention to protect his purely legal title, the equitable remedy of cancellation of an alleged conflicting title to the land in the possession of another is based on the fact that the legal remedy is inadequate. That the plaintiff in the present case has an adequate legal remedy is apparent.

Again, there is another reason why the plaintiff should not cancel his mother's will. She did not describe any specific prop-

erty in devising it. The devise is of all her property both real and personal. The will is operative as to all property which she owned at the time of her death. The attempted disposition of property by will, which the testator may not own, does not give a court of equity jurisdiction to cancel the alleged will before its probate as a cloud on the title of one averring himself to be the true owner. *Israel* v. *Wolf,* 100 *Ga.* 339. Were the rule otherwise, every will would be subject to cancellation if there were an adverse title asserted to some of the property therein devised or bequeathed. Under the Civil Code, §4232, the court of ordinary has original, exclusive, and general jurisdiction of the probate of wills. The issue to be decided on an application for probate is devisavit vel non, and does not include any issue as to the validity of the testator's title. *Finch* v. *Finch,* 14 *Ga.* 362. It is the duty of the nominated executor to offer the will for probate, and equity will not enjoin the performance of this duty. *Israel* v. *Wolf,* supra.         *Judgment affirmed. All the Justices concur.*