## FIELD *v.* BRANTLEY *et al.*

1. It is no ground of caveat to the probate of a will that the caveator has pending in the United States court a bill to cancel the will and enjoin its probate.

(a) Nor does the pendency of such suit require a stay of the probate proceeding until final judgment.

2. A written agreement by the children of a testatrix, made before her death, to disregard her will and treat it as void, constitutes no bar to its probate.

3. If undue influence is relied on to impeach a paper propounded as a will, the facts constituting such undue influence must be alleged. A general averment that the propounders and a legatee influenced the testator to make the will presents no issue of undue influence.

4. The subscribing witnesses testified that the will was executed with the formality which the law requires, and that the testatrix was of sound and disposing mind and memory; and their testimony not being controverted, it was proper to direct a verdict probating the will.

FEBRUARY 12, 1913.

Probate of will. Before Judge Morris. Cobb superior court. November 24, 1911.

Mrs. Jane M. Camp, a resident of Cobb county, died on June 30, 1911. Shortly after her death John T. Brantley and Sarah A. Camp offered in the court of ordinary of Cobb county, for probate in common form, an instrument which they represented to be her last will and testament, wherein the propounders were nominated as executors. The paper propounded was admitted to record as proved in common form. Subsequently the executors filed a proceeding to probate the will in solemn form, and to this proceeding a daughter, Mrs. Annie C. Field, filed her objections to the probate of the paper offered as the last will and testament of her mother. The substance of these objections is: That on October 1st, 1907, after the death of Mrs. Camp's husband, all of her children, four in number, entered into a written agreement, wherein they "promise to use no influence with her to make a will or deed or dispose of in any way property during the next three years. Any papers made in that time will not be recognized by us, and shall be null and void; and on the expiration of the three years, if any papers are drawn, it must be with the knowledge and consent of her four children, or the same will be null and void." That within three years after the date of this agreement two of Mrs. Camp's children, viz., Mrs. Hattie H. C. Brantley and Miss Sarah A. Camp, and the husband of the former, John T. Brantley, without the consent or knowledge of Mrs. Field, influenced and caused Mrs. Camp to execute a deed to Sarah A. Camp to a tract of land of considerable value, and at the same time, and without the consent or knowledge of Mrs. Field, and in further breach of their agreement and for their own use and advantage only, caused and influenced Mrs. Camp to sign the alleged will. That these objections and allegations of fact are made by Mrs. Field in a bill in equity in the Circuit Court of the United States in and for the Northern District of Georgia, filed by her and her husband against the propounders and Mrs. Brantley, wherein the complainants pray for injunction against the probate of the will in solemn form, and that the alleged

will of Mrs. Camp and her deed to Sarah A. Camp be declared null and void. The conclusion and prayer of the objections is for "judgment and for costs." Mrs. Field also filed a written motion to postpone further action in the court of ordinary, on the proceedings to probate the will in solemn form, until final judgment in the equity suit pending in the United States court. The propounders demurred. to the objections as containing no sufficient reason why the will should not be probated. The demurrer was sustained, the caveat was dismissed, the motion to postpone was refused, and the will was admitted to record as proved in solemn form. An appeal was taken to the superior court, and on the hearing the motion to stay the proceedings was denied, and the demurrer to the caveat was sustained. The only evidence submitted was the testimony of the subscribing witnesses to the will; upon the conclusion of which the court directed a verdict in favor of the propounders, and that the will be probated and admitted to record as the last will and testament of Mrs. Camp. The caveator, Mrs. Field, excepted.

C. E. Small, R. H. Field, and Neel & Neel, for plaintiff in error.
George F. Gober and D. W. Blair, contra.

EVANS, P. J. (After stating the foregoing facts.)

1. The court of ordinary has original and exclusive jurisdiction over the probate of wills, ánd the issue to be decided on an application for probate is devisavit vel non, and does not include any issue as to the validity of the testator's title. Civil Code, §§ 3853, 3856; Wetter v. Habersham, 60 Ga. 193. The statute provides for an appeal to the superior court from the judgment of the court of ordinary admitting or refusing the probate of a paper as a will; and when such an appeal is taken to the superior court, that court becomes quoad hoc a probate court. Barksdale v. Hopkins, 23 Ga. 332. In trying an appeal the superior court can not go beyond the jurisdiction of the court of ordinary as respects rights, and can deal with no question of merits except such as could have been raised in the primary court. Greer v. Burnam, 69 Ga. 734; Hufbauer v. Jackson, 91 Ga. 298 (18 S. E. 159). The superior court's jurisdiction on appeal is therefore limited, on the merits, to the issue of devisavit vel non. The superior court in the exercise of its equity powers has no jurisdiction to enjoin the nominated executors of an alleged will from offering it for probate. Israel v. Wolf, 100. Ga. 339 (28 S. E. 109); Adams v. Johnson, 129 Ga. 611 (59 S. E.

269). A complainant can ask no further relief in the courts of the United States than he could obtain in the State courts. If in the latter courts equity would afford no relief, neither will it in the former. Ewing *v.* St. Louis, 5 Wall. 413 (18 L. ed. 657). The propounders were not enjoined by the United States court from offering the alleged will for probate, and under the foregoing authorities the caveator is not entitled to such relief. It follows that the pendency of the case in the United States court is neither ground for caveat nor cause for postponement of the proceedings to probate the paper propounded as the last will of the testatrix.

2. The agreement by Mrs. Camp's children, made prior to her death, to disregard any will she might make without their knowledge or consent, is averred as cause for refusing to probate her will. Inasmuch as one of the incidents of ownership of property is the right to dispose of it by will or deed, we can not see how children and prospective heirs may enter into any agreement which would have the effect to deprive their mother of the power to dispose of her own property. In *Finch* v. *Finch,* 14 *Ga.* 362, after the death of the testator his heirs and legatees agreed in writing that the will should not be set up, but that the estate should be distributed under the statute of distributions. When the propounder, who was a party to this agreement, offered the will for probate, this written contract was set up in the caveat as a reason for not probating it. This court held that the contract to distribute the estate outside of the will was not a bar in the court of ordinary to the propounding of the will, and that the court of ordinary would not decide upon the validity of the contract; but upon the factum of the will only, leaving the rights of the parties to be determined by the appropriate tribunals thereafter. If a contract by heirs and legatees to disregard a will be no bar to its probate, a fortiori one by prospective heirs can not have that effect.

3. It is set up in the caveat that in breach of the contract between the children, and for their own use and advantage, the propounders and Mrs. Brantley caused and influenced Mrs. Camp to sign the alleged will. This allegation, even as against a general demurrer, is insufficient to raise an issue of undue influence such as will void a will. The undue influence over a testator's act, which invalidates his testamentary power, must go to the extent whereby the will of another is substituted for the wishes of the

testator. Civil Code, § 3834. It is one of the oldest maxims of pleading that every pleader is presumed to state his case as favorably to himself as he can do. It is also one of the fundamental rules of pleading that facts and not legal conclusions must be alleged. If fraud is relied on to vitiate an act, the particular facts constituting the fraud must be ,stated, and a general charge of fraud may be assailed by general demurrer. *Kilgo* v. *Castleberry*, 38 *Ga.* 512 (95 Am. D. 406). Undue influence is the handmaiden of fraud, and good pleading requires an averment of the facts relied on to constitute it. This general principle of pleading is applicable to pleadings to contest the probate of wills, and the general rule is to set forth the facts constituting fraud or undue influence in a proceeding to contest a will upon these grounds. 16 Enc. Pl. & Pr. 1022, and cases cited in notes. In the instant case there is not even a distinct allegation that the will was obtained by undue influence, and the facts alleged do not constitute undue influence.

4. The subscribing witnesses concurred that the will, was executed with the formality required by law, and that the testatrix was .of disposing mind and memory; and their testimony was not contradicted. The court therefore did not err in directing a verdict probating the will.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*