CONE *et al. v.* JOHNSTON, executor, *et al.*

No. 15885.   JULY 10, 1947.

*John F. Brannen* and *W. G. Neville,* for plaintiffs in error.
*George M. Johnston* and *Fred T. Lanier,* for defendants.

WYATT, Justice. 1. "The court of ordinary has original and exclusive jurisdiction over the probate of wills, and the issue to be decided on an application for probate is devisavit vel non, and does not include any issue as to the validity of the testator's title. Civil Code, §§ 3853, 3856; *Wetter* v. *Habersham,* 60 *Ga.* 193. The statute provides for an appeal to the superior court from the judgment of the court of ordinary admitting or refusing the probate of a paper as a will; and when such an appeal is taken to the superior court, that court becomes quoad hoc a probate court. *Barksdale* v. *Hopkins,* 23 *Ga.* 332. In trying an appeal, the su-

perior court can not go beyond the jurisdiction of the court of ordinary as respects rights, and can deal with no question of merits except such as could have been raised in the primary court. *Greer* v. *Burnam,* 69 *Ga.* 734; *Hufbauer* v. *Jackson,* 91 *Ga.* 298 (18 S. E. 159). The superior court's jurisdiction on appeal is therefore limited, on the merits, to the issue of devisavit vel non." *Field* v. *Brantley,* 139 *Ga.* 437, 439 (77 S. E. 559). See also *Walden* v. *Mahnks,* 178 *Ga.* 825 (174 S. E. 538, 95 A. L. R. 1101) ; *Dillon* v. *Sills,* 181 *Ga.* 582 (183 S. E. 563). The issue of devisavit vel non does not include any issue as to the title or the ownership of property; and a court of ordinary has no jurisdiction to try and determine the question of the validity or invalidity of a contract by legatees disposing of property contrary to the terms of a will offered for probate. "A contract by the legatee, not to offer the will for probate, but to divide the estate of the deceased ancestor, according to the Statute of Distributions, is not a bar in the court of ordinary to the propounding of the will. The courts of ordinary will not decide upon the validity of any contract, which the parties may have entered into, but upon the *factum* of the will only, leaving the rights of the parties to be determined by the appropriate tribunals thereafter." *Finch* v. *Finch,* 14 *Ga.* 362 (5).

Applying the foregoing rulings to the facts of this case, we must hold that neither the court of ordinary nor the superior court on appeal had any jurisdiction to try any question as to the validity or invalidity of the contract set up in the caveat as a bar to the probate proceedings. The caveat, being based solely on this contract, set forth no valid reason for refusing to probate the will. And the fact that the record does not disclose that any objection was urged to the caveat because of its insufficiency to set forth any valid ground of caveat is immaterial, for jurisdiction of the subject-matter can not be conferred on a court either by agreement or by waiver. *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790).

Since the court was without jurisdiction to try any question raised by the caveat, and the factum of the will was not questioned, the verdict of the jury in this case was the only legal verdict which could have been rendered. In this view of the case, it is unnecessary to pass upon the exceptions pendente lite and the special grounds of the motion for new trial, none of which remotely relate to the issue of devisavit vel non.

*Judgment affirmed. All the Justices concur.*