26174. THOMAS et al. v. ROUGHTON.

ARGUED NOVEMBER 9, 1970—DECIDED JANUARY 7, 1971.

*Smith & Harrington, Will Ed Smith, Billy Walker,* for appellants.

*E. Herman Warnock,* for appellee.

GRICE, Justice. This appeal is from the grant of summary judgment probating in solemn form the will of Mrs. Sarah Robertson Jones.

Application for probate was filed in the Court of Ordinary of Telfair County by W. Harvey Roughton, the surviving named executor. Caveat was interposed by B. W. Walker and Guy Thomas, executors of the will of testatrix's husband, C. W. Jones, who was her sole heir at law. Thereafter, by consent of parties, the case was appealed to the superior court, which granted caveators' motion for summary judgment denying probate.

Upon appeal to this court, in *Roughton v. Jones,* 225 Ga. 774 (171 SE2d 536), we held that the superior court erred in granting summary judgment in favor of the caveators. We ruled that judgment of no necessity for administration was not a bar to probate, and that a renunciation by the beneficiaries of the will was not a bar since they were trustees.

Upon the return of the case to the superior court, but before the judgment of this court was made the judgment of that court, the

caveators added two grounds. One, relating to execution, has been abandoned. The other involves an alleged agreement between the testatrix and her husband, since deceased. Since all other grounds have been abandoned, this presents the issue now upon appeal. The ground of caveat is in substance as follows:

The alleged will should not be admitted to probate because of an agreement between Mrs. Sarah R. Jones, the alleged testatrix, and C. W. Jones, her husband, at a time after its alleged execution on August 27, 1956, and before the date of her death on April 10, 1967.

Mr. and Mrs. Jones agreed with each other that the first of them to die would die intestate; that the survivor, being the sole heir at law of the deceased, would inherit all of the property of the one first dying; that any existing will of either of them, including the one attempted to be probated, was revoked, void and of no force and effect; that the survivor would bequeath by his will $10,000 each to two named churches, and devise and bequeath the remainder of the property previously owned by the survivor and the property acquired by inheritance from the first one dying, not consumed or used up in living expenses, to such persons as he saw fit.

The caveat further alleged that when Mrs. Jones died on April 10, 1967, C. W. Jones, the survivor, treated her alleged will as revoked, void and of no effect; that he instituted proceedings for an order of no necessity for administration on her estate, and obtained a judgment to that effect in Telfair Court of Ordinary on June 5, 1967; that he bequeathed $10,000 to each of the said churches; that he died with these bequests effective in his will; that all this was in accordance with the terms of his agreement with Mrs. Sarah R. Jones; and that since C. W. Jones fully performed his part of the agreement the probate of the will of Mrs. Sarah R. Jones should be denied.

It was established by the record that the alleged agreement was oral, that it was entered into between August 27, 1956, and April 10, 1967, and that C. W. Jones died on March 31, 1968.

The propounder's motion for summary judgment was supported by affidavits of the three subscribing witnesses, the pleadings, and the caveators' answers to the propounder's interrogatories. The

caveators did not submit any contrary evidence, and relied upon the pleadings.

The judgment granting the motion for summary judgment admitted the will to record in solemn form and ordered that letters testamentary issue to the propounder.

Although several issues are argued by the parties before this court, what we regard as the decisive question here is whether the making of an agreement to die intestate, performance by one party and breach by the other by dying testate, can be a ground of caveat to the latter's will.

We have concluded that it cannot.

■ In a proceeding to probate a will in solemn form the sole issue is devisavit vel non—whether the paper offered for probate is or is not the last will and testament of the deceased. It thereby adjudicates the factum of the will. The court of ordinary, which is a court of limited jurisdiction, is thus restricted; and the superior court on appeal is likewise confined to that issue. *Finch v. Finch,* 14 Ga. 362; *Field v. Brantley,* 139 Ga. 437 (77 SE 559); *Trustees of the University of Ga. v. Denmark,* 141 Ga. 390 (2) (81 SE 238); *Peavey v. Crawford,* 182 Ga. 782, 784 (187 SE 13, 107 ALR 828); *Cone v. Johnston,* 202 Ga. 420 (43 SE2d 545).

■ The caveat in the case at bar went beyond the issue of devisavit vel non and therefore was outside the jurisdiction of the superior court on appeal in this probate proceeding.

It raised questions which may be summarized as follows: (1) whether two parties can enter into an agreement that the first to die shall die intestate as to realty, personalty or both; (2) if so, whether such an agreement must be in writing in order to be enforceable; (3) if there was such an agreement and if originally required, whether that requirement was dispensed with because of full or part performance; (4) likewise, whether there was fraud to excuse the requirement as to a writing.

No case with identical facts has been called to our attention and our research has disclosed none. However, there are several with similar facts which enunciate principles that we regard as controlling here.

In *Finch v. Finch,* 14 Ga. 362 (5), supra, this court recognized limited jurisdiction in the probate of a will. There, the legatees,

including the propounder and the testator's heirs at law, after his death, made a written contract to distribute the estate among themselves and that the will would not be offered for probate. The agreement was carried out and the propounder received his share under the contract. There this court reviewed the creation of the court of ordinary with its jurisdiction over probate matters, observing that it succeeded in them to the powers of the ecclesiastical courts of England. Then it also reviewed the English cases as to jurisdiction of the probate court to pass upon the power of a testator to devise certain property in a probate proceeding and stressed that it only passed upon the factum of the instrument. The opinion, by the first Lumpkin, declared that, "If the Ecclesiastical Courts in England refuse to adjudge any other questions than probate or no probate, and leave the parties to litigate all other matters in the appropriate forums established for this purpose, the same course should be pursued by the courts of ordinary in this State." P. 368.

In *Field v. Brantley*, 139 Ga. 437 (2), supra, this court held that "A written agreement by the children of a testatrix, made *before* her death, to disregard her will and treat it as void, constitutes no bar to its probate," referring to the *Finch* case, supra, and stated that, "If a contract by heirs and legatees to disregard a will be no bar to its probate, a fortiori one by *prospective* heirs can not have that effect." (Emphasis supplied.)

In *Cone v. Johnston*, 202 Ga. 420, supra, the caveators sought to plead a written contract by the heirs and legatees so as to distribute the estate in opposition to its probate. There this court said (P. 422): "The issue of devisavit vel non does not include any issue as to the title or ownership of property; and a court of ordinary has no jurisdiction to try and determine the question of the validity or invalidity of a contract by legatees disposing of property contrary to the terms of a will offered for probate." After quoting from the *Finch* case, supra, the opinion continued, ". . . we must hold that neither the court of ordinary nor the superior court on appeal had any jurisdiction to try *any question* as to the validity or invalidity of the *contract* set up in the caveat as a bar to the probate proceedings. The caveat, being based solely on this contract, set forth no valid reason for refusing to probate the will."

(Emphasis supplied.)

As we view the issue here, it is of no consequence that in the *Finch, Field* and *Cone* cases, supra, the agreement seeking to avoid probate was not entered into by the testator, whereas, in the instant case it was. The immutable fact is that in all three of those cases, as here, there was an *agreement* as the basis for seeking to avoid probate. Here, the agreement was fraught with legal questions as to its validity or invalidity, as shown above.

The rule is well established that in probate proceedings courts will have nothing to do with these agreements, whether they are contracts to devise or to refrain from devising, since they seek to raise questions outside the issue of devisavit vel non, and thus beyond the jurisdiction of the probate courts.

It is significant that the caveat in the case at bar alleged at most an intention of the wife to die intestate, but alleged no overt act of destruction of the will, or revocation of it, by any other means known to law. Thus her mere declaration, relied upon as a contract, would not suffice as a revocation. See *Hargroves v. Redd,* 43 Ga. 142, 159. Therefore, there was a will in existence at the time of probate.

As to the hands-off rule with respect to agreements sought to be injected into probate proceedings, see also 1 Redfearn, Wills and Administration in Georgia, 256-257, § 120; 57 AmJur 528, Wills, § 774; 94 CJS 884-887, Wills, § 122; 3 Bowe-Parker, Page on Wills, 333-335, § 26.143.; 1 Schouler on Wills (6th Ed.) 809, § 711.

Under the foregoing rule, if there is a breach of any agreement, whether to devise or not to devise, an aggrieved party, or his representative, is not without a remedy. He or his representative, in a proper case, may recover upon quantum meruit, or for damages, or for specific performance, with tracing of funds, whichever remedy is appropriate. For additional authorities see *Banks v. Howard,* 117 Ga. 94 (43 SE 438) (by five Justices); *Gordon v. Spellman,* 145 Ga. 682 (89 SE 749, AC 1918A 852).

For the reasons stated above we conclude that the caveat did not constitute a valid objection to the probate of the will. Accordingly, it is not necessary to pass upon the other questions raised.

*Judgment affirmed. All the Justices concur.*