22890. BIANCHINI v. WILSON, Executrix.

Argued March 8, 1965—Decided April 9, 1965.

*Fulcher, Fulcher, Hagler & Harper, William C. Reed,* for plaintiff in error.

*Lewis & Lewis, Preston Lewis, Jr., George W. Fryhofer,* contra.

QUILLIAN, Justice. ■ In a proceeding to probate a will the burden is upon the propounder to prima facie prove the factum of the will, that is, that the will was executed with requisite formalities (according to *Code Ann.* § 113-301; Ga. L. 1958, pp. 657, 658, Ga. L. 1964, Ex. Sess., pp. 16, 17) ; that the testator executed the will freely and voluntarily and was at the time of

sound and disposing mind and memory. *Brazil v. Roberts,* 198 Ga. 477, 478 (2) (32 SE2d 171); *Spivey v. Spivey,* 202 Ga. 644 (1) (44 SE2d 224); *Ehlers v. Rheinberger,* 204 Ga. 226, 228 (49 SE2d 535). This burden carried, the onus of proving the will is not valid for one of the reasons alleged in the caveat shifts to the caveator. *Davis v. Frederick,* 155 Ga. 809 (1 (118 SE 206); *Langan v. Cheshire,* 208 Ga. 107, 110 (65 SE2d 415).

In the present case all three of the attesting witnesses positively swore the testator executed the will in the manner prescribed by statute, that the testator was at the time of sound and disposing mind and memory and acted in making the will of his own volition. There were other witnesses who corroborated the testimony of the subscribing witnesses as to the testamentary capacity of the testator. Nothing in the propounder's evidence tended to contradict the evidence given by the subscribing witnesses. The caveatrix offered no evidence supporting the allegations of the caveat that the testator was not mentally competent to make the will nor any from which it could be inferred the propounder unduly influenced him in making the will. Indeed, there was no evidence that she suggested what disposition he make of the property or brought any pressure to bear upon him in reference to the will.

The caveatrix insists that the fact that the testator left the large part of his estate to his wife, the propounder, in preference to the caveatrix, who was his daughter, and her children was of itself sufficient proof of undue influence. In the full-bench case of *Thompson v. Mitchell,* 192 Ga. 750, 751 (16 SE2d 540), where the only evidence to support a charge of undue influence was that a father bequeathed his estate to one child, giving to the others a dollar apiece, it was held that the trial judge did not err in directing a verdict in favor of the propounder on the issue of undue influence. We recognize the familiar holdings that, in cases where a caveat attacks a will as induced by undue influence, the jury may consider, along with other circumstances, the question of whether the disposition of the testator's property as provided by the will is unnatural or unfair. However, those cases are not authority for the position that the choice of one near relative rather than others as the favored beneficiary of the will,

standing alone as an isolated fact, is cause to deny the will probate. 57 Am. Jur. 286, Wills, §§ 399, 400.

It is a firm rule that "while undue influence may be proved by circumstances, merely to show an opportunity to exert it by one who occupies a confidential relation to the alleged testator, and who receives a substantial benefit under the instrument sought to be propounded, is not sufficient to prove it." *Brumbelow v. Hopkins,* 197 Ga. 247 (3) (29 SE2d 42).

The caveatrix does offer her own testimony which related circumstances from which no inference could be drawn except the testator conceived the rational scheme for the disposition of his property as expressed in the terms of the will, and not as the result of pressure being exerted upon him. She testified to the close relationship existing between her and her father; that she visited him regularly in the summer, at Christmas and sometimes during the Easter season. However, she further related that when her stepmother died in June of the previous year she came down from New York with her children and dog to live with her father; that the children's normal youthful behavior made her father nervous, and he picked on the children. In consequence of this situation and because she loved him and did not want him to be nervously disturbed, after three or four days she and the children left her father and went back to New York. She recognized the family ties were at that time strained to some extent. Her father, shortly thereafter, wrote her that he thought it best for him to find someone nearer his own age to live with. She did not visit him at Christmas or Easter as had been her previous custom and admitted "I wouldn't say we corresponded a great deal, but we corresponded." She evidently did not keep in touch with her father, or informed as to his welfare, because according to her testimony when she arrived at the hospital on June 13 or 14, 1963, she did not know he and the propounder were married, although that event transpired in November, 1962. Thus, her whole testimony showed the testator simply sought and found the companionship of a person nearer his own age. According to the evidence the propounder and he were congenial and lived in harmony.

In the case of *Gardner v. Lamback,* 47 Ga. 133, 193, is found

the classic opinion of Judge McKay that fits the situation shown by the evidence. A part of the opinion referring to the right to make a will reads: "It is a precious right, and one that should be guarded with jealous care, that the aged and infirm, the weak minded and eccentric shall have this security for care and attention on a sick bed. And it may be truly said, without any harsh criticism on human nature, that many a fired brain has been cooled by gentle hands, and many a death bed cheered and watched over with kind care, which, but for this tender care of the law for this testamentary right, would have been neglected and deserted."

■ Since the verdict was demanded by the evidence, the special grounds of the motion for new trial raising only questions in reference to the court's charge to the jury will not be considered.

*Judgment affirmed. All the Justices concur.*