### 26438. WALDREP v. GOODWIN et al.

UNDERCOFLER, Justice. The issue here is whether the trial court erred in directing a verdict to probate the will of Lemma Waldrep. Appellant, caveator in the trial court, is the husband of the testatrix. Propounder is the testatrix' only living child to whom the entire estate is devised except as stated in item III, "I am fully knowledgeable of my husband, Hubert C. Waldrep, but I will and bequeath him only my best wishes and $1 (one) dollar. Due to circumstances and conditions and events of the past it is my desire and will that he receive only my best wishes and the $1 (one) dollar. I further declare that he, Hubert C. Waldrep, does not have any monetary interest in any property either personal or real that I may die possessed of wherever located or situate." *Held:*

Appellant contends that the evidence raised questions of fact as to

testamentary capacity, undue influence and fraud which should have been submitted to a jury.

The evidence shows that two years before her death the testator while visiting her sister in Atlanta had an attorney draft her will. Thereafter she returned to her home in Tallapoosa where the will was executed and witnessed at an insurance office where testatrix was known. She then delivered it to her sister to keep until her death. All witnesses, including the subscribing witnesses and the attorney who drew the will, testified that the testatrix was completely competent. Caveator testified that about the time the will was executed his wife had an operation. He was working and living in Birmingham, Ala. He returned to Georgia and visited his wife in the hospital. He stated she seemed depressed and said some things which didn't "make sense" although he could not recall anything specifically. In his opinion his wife was not of sound mind at that time.

The testatrix and caveator were married in 1918, divorced in 1949, and remarried in 1954. Caveator worked and lived away from Tallapoosa a majority of the time and would return home on occasions to visit his wife. The evidence shows he had women companions in other cities, most of whom his wife "knew about." The evidence also shows that the testatrix lived next door to her daughter for many years, the daughter was not particularly compatible with her father, and the testatrix signed the will not on the line provided for signature but on the blank line provided for her name in the attestation clause.

We find no error. The caveator's testimony that the testatrix, while in the hospital two years before her death, and after an operation, was depressed and said some thing which did not make sense to him, none of which he could recall, and that she was not of sound mind is insufficient to raise a question of testamentary capacity here. The will was executed at a time before or after the operation and the evidence clearly shows that the testatrix was up and about and completely competent at that time. She had been to Atlanta where the will was drawn by her own attorney who had known her for many years. She then took the will to an insurance office in her hometown of Tallapoosa, where she was known, to have it executed. The

fact that the testatrix lived next door to her only living daughter and did not devise any of her property to her husband, who had spent the greater part of the time away from home where he engaged in questionable conduct, is insufficient to raise questions of undue influence and fraud. On the contrary, the facts of this case show that the testatrix' disposition of her property was natural and normal. As was said in *Bianchini v. Wilson,* 220 Ga. 816, 817 (141 SE2d 889), "In the full-bench case of *Thompson v. Mitchell,* 192 Ga. 750, 751 (16 SE2d 540), where the only evidence to support a charge of undue influence was that a father bequeathed his estate to one child, giving to the others a dollar apiece, it was held that the trial judge did not err in directing a verdict in favor of the propounder on the issue of undue influence. We recognize the familiar holdings, that, in cases where a caveat attacks a will as induced by undue influence, the jury may consider, along with other circumstances, the question of whether the disposition of the testator's property as provided by the will is unnatural or unfair. However, those cases are not authority for the position that the choice of one near relative rather than others as the favored beneficiary of the will, standing alone as an isolated fact, is cause to deny the will probate. 57 AmJur 286, Wills, §§ 399, 400. It is a firm rule that 'while undue influence may be proved by circumstances, merely to show an opportunity to exert it by one who occupies a confidential relation to the alleged testator, and who receives a substantial benefit under the instrument sought to be propounded, is not sufficient to prove it.' *Brumbelow v. Hopkins,* 197 Ga. 247 (3) (29 SE2d 42)." Compare *Crawford v. Crawford,* 218 Ga. 369, 372 (128 SE2d 53).

The fact that the testatrix signed her will in the blank space of the attestation clause would not invalidate the will when all the formalities and legalities of its execution were present. *Huff v. Huff,* 41 Ga. 696.

*Judgment affirmed. All the Justices concur.*
SUBMITTED APRIL 12, 1971—DECIDED MAY 6, 1971.

*Jones & Wilson, Jimmy W. Jones,* for appellant.
*Howe & Murphy, D. B. Howe, Harold Murphy,* for appellees.