34003. HOWINGTON et al. v. HOWINGTON.

HILL, Justice.

Testatrix died in 1976, survived by seven children. Five of testatrix' children filed a caveat to the probate of their mother's will. The caveators sought to attack the will on the grounds that in 1956 when the will was executed the testatrix was laboring under a mistake of fact as to the conduct of one son, Eldridge Dorsey Howington, that this son had exerted undue influence over his mother, and that the will did not speak the truth as to the testatrix' intention as to the disposition of her property upon her death.

This son, Eldridge Dorsey Howington, was nominated under the will as executor and was named as beneficiary of the testatrix' real property. Paragraph 4 of the will devised to this son, the propounder, ". . . in consideration of the loving care and attention he and his wife have given me and my husband, over and beyond that required by the normal bonds of love and care of a child for his parent, *all real property* of which I may die possessed, specifically including the home in which I live, same being evidenced by plat recorded . . ." In fact that

plat described only 37 acres of a 78-acre tract owned by the testatrix. Paragraph 5 of the will provided that "All the rest, residue and remainder of my estate, *real* and personal . . . to my children, share and share alike . . . I wish it clearly understood that I love all my children equally and that my devise of my home and its surrounding land to my son, Dorsey, is made solely and simply because of the fact that he had shouldered the greater part of the load and expense of maintaining me and my husband in our later years, and not because others were unwilling or because personal or undue influence has been used upon me by any person to induce me to make such a devise or bequest." (Emphasis supplied.)

The propounder sought to explain why the plat referred to in paragraph 4 of the will described only 37 acres of a 78-acre tract by testifying that testatrix previously had given him the other 41 acres, but this testimony was excluded apparently because no deed showing a gift of the 41 acres was executed. Testatrix' attorney sought to resolve the conflicting devises of real estate made in paragraphs 4 and 5 as being his error. Caveators sought to use these discrepancies to show that testatrix did not know the contents of her will, and that the will did not carry out testatrix' intention as to the disposition of her property and hence was not testatrix' "will."

Following an adverse decision in the court of probate, the caveators appealed to the superior court. The jury found in favor of the will and the caveators now appeal from the judgment entered by the trial court admitting the will to probate.

1. The caveators contend that the trial court erred in overruling their motion for a directed verdict because the document offered for probate does not reflect the testatrix' true intentions as to the disposition of her property after her death and is therefore, by definition, not her last will and testament. Code Ann. §§ 113-101, 113-305.

The attorney who drafted the document for the testatrix was one of three subscribing witnesses. He testified that he met privately with her and that she told him how she wanted her property distributed and

explained the reasons for her decision. He testified that he drafted the will according to her instructions and discussed the terms of the will with her. Such testimony is admissible. *O'Brien v. Spalding,* 102 Ga. 490 (3) (31 SE 100) (1897).

The subscribing witnesses testified that they went to the testatrix' home at her request, that the will was executed in their presence and that in their opinion, the testatrix was of sound mind. See *Peavey v. Crawford,* 182 Ga. 782 (4) (187 SE 13) (1936); *Scott v. Gibson,* 194 Ga. 503, 506 (22 SE2d 51) (1942).

Conflicts such as are presented here between the provisions of a will on the one hand and the facts or other provisions of the will on the other hand are not sufficient to negate the testimony of the subscribing witnesses and invalidate the will as a matter of law. Hence, caveators were not entitled to a directed verdict. See *Spivey v. Spivey,* 202 Ga 644 (1) (44 SE2d 224) (1947); *Ehlers v. Rheinberger,* 204 Ga. 226 (1) (49 SE2d 535) (1948); *Doughty v. Futch,* 219 Ga. 677 (1) (135 SE2d 286) (1964).

2. The caveators next contend that the trial court erred in excluding the testimony of two witnesses, wives of two of the caveators, who were called to testify as to conversations with the testatrix after the will was executed in 1956. The husbands of both these witnesses testified as to the same or similar statements made by the testatrix and the exclusion of this testimony was not reversible error. *Peretzman v. Simon,* 185 Ga. 681 (6) (196 SE 471) (1938).

3. The caveators contend the trial court erred in failing to grant a mistrial after the attorney who drafted the will testified that testatrix believed she had made a prior gift of land to her son, the propounder. The trial court instructed the jury that the attorney's testimony as to what was in the testatrix' mind was not to be considered by the jury. We find no abuse of discretion in refusing to grant the caveator's motion for mistrial. *Salmon v. Salmon,* 223 Ga. 129 (1) (153 SE2d 719) (1967).

Nor do we find ground for reversal in the trial court's permitting the attorney to be repetitious while testifying in rebuttal.

Caveator's final enumerations assert the general

grounds and attack the legal sufficiency of the evidence. A review of the transcript shows that the evidence authorized the jury verdict. See *Bianchini v. Wilson*, 220 Ga. 816, 818 (141 SE2d 889) (1965); *Waldrep v. Goodwin*, 227 Ga. 560 (181 SE2d 837) (1971). Whether or not the trial judge should have granted a new trial in the exercise of his discretion was a matter which addressed itself to him rather than to this court.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED JANUARY 4, 1979.

*Cook, Noell, Bates & Warnes, John S. Noell, Jr., Paris & Wages, Nathaniel David Wages, Velma Cowen Tilley,* for appellants.
*Grady C. Pittard, Jr.,* for appellee.