## 34243. CORNELIUS v. CROSBY.

MARSHALL, Justice.

The caveator appeals from the judgment of the superior court affirming the probate of an alleged will by the probate court. We affirm.

1. Georgia law does not require an attestation clause to a will to make it valid, provided it is attested by two competent witnesses and all the formalities for the execution of wills were observed. *Whitfield v. Pitts,* 205 Ga. 259, 269 (1) (53 SE2d 549) (1949); Code Ann. Ch. 113-3. A proper attestation clause to a duly signed and attested will merely raises the presumption of a legal execution. *Wood v. Davis,* 161 Ga. 690 (131 SE 885) (1926). 29 EGL 143, Wills, § 68. Here, the execution was proved by testimony.

2. The will was not invalid because there is no

indication on the face of the document that the signatures were affixed in the signers' capacity as witnesses. In *Garrett v. Wheeless,* 69 Ga. 466 (1882), a will was approved containing this same attestation, and where none of the witnesses was available to testify (which is not the case here).

3. "A testator's acknowledgment of his signature in the presence of the subscribing witnesses is sufficient, without the signing being done in their presence. It is not necessary that the subscribing witnesses should sign in the presence of each other; it is sufficient if each signs in the presence of the testator." *Webb v. Fleming,* 30 Ga. 808 (1, 2) (1860). These conditions were met in this case. Nor was the will rendered invalid by the fact that purported witness Fowler recognized his signature and knew he had witnessed papers for the testatrix upon several occasions, but failed to recall the details of this particular occasion. "Where a witness fails to remember events surrounding the will's execution, there is a presumption, given proof of the signatures appearing on the will, that all was done as the law requires, and this is true even though there is no attestation clause. See *Deupree v. Deupree,* 45 Ga. 415, 441." *Glenn v. Mann,* 234 Ga. 194, 198 (214 SE2d 911) (1975).

4. "It is not necessary that a testator shall declare the instrument he executed to be his will or that the witnesses know that it is a will." *Slade v. Slade,* 155 Ga. 851 (2a) (118 SE 645) (1923). Even though this knowledge is not required, one of the two witnesses, Pearce, testified that he had read the document and that the testatrix had identified it to him as her will.

5. " 'Upon the trial of an issue arising upon the propounding of a will and a caveat thereto, the burden, in the first instance, is upon the propounder of the alleged will to make out a prima facie case, by showing the factum of the will, and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and, in making it, acted freely and voluntarily. When this is done, the burden of proof shifts to the caveator.' [Cits.]" *Langan v. Cheshire,* 208 Ga. 107, 110 (65 SE2d 415) (1951). In the instant case, the propounder testified that the document in question bore her mother's

(testatrix') signature, with which she was familiar, and that her mother's mental condition at the time the will was dated was "as good as ever." The two subscribing witnesses testified to facts showing proper execution and attestation. Witness Fowler testified that the mental and emotional condition of the testatrix at that period of time was good, and witness Pearce testified that he had specifically asked the testatrix if this was what she wanted, to which she had responded affirmatively. The propounder thereby made out a prima facie case, which the caveator failed to rebut. " ' It is a firm rule that "while undue influence may be proved by circumstances, merely to show an opportunity to exert it by one who occupies a confidential relation to the alleged testator, and who receives a substantial benefit under the instrument sought to be propounded, is not sufficient to prove it." [Cit.]' " *Waldrep v. Goodwin,* 227 Ga. 560, 562 (181 SE2d 837) (1971). "[T]he choice of one near relative rather than others as the favored beneficiary of the will, standing alone as an isolated fact, is [not] cause to deny the will probate." *Bianchini v. Wilson,* 220 Ga. 816, 817 (141 SE2d 889) (1965).

6. Item 4 of the alleged will provides, as typed: "It is my will that the said land cannot be sold in any form or given away until my grandson Mitchell is 20 years old." However, the number "20" has been marked through with a pen, the number "39" written thereinabove, and no signature or attestation appears in conjunction with this alteration. The caveator urges this as evidence of lack of testamentary capacity and testamentary intent, undue influence and fraud. Although this might authorize such a finding, it does not demand it. It is equally consistent with a finding that the testatrix merely changed her mind and attempted to change the instrument, either before or after its execution, without benefit of knowledge of the legal means of doing so. (The testimony was to the effect that no one knew when the alteration was done, or whether it appeared on the instrument at the time it was witnessed.)

The effect of this alteration under the circumstances is expressed in 29 EGL 135, Wills, § 60, and cits., as follows: "Alterations, interlineations, additions or

changes in a will after the will is signed and attested have no effect unless signed and attested with all the formalities required in the execution of a will or unless a codicil has been executed republishing the will in its altered form. When a will has been properly executed, the law presumes that it expresses the intentions of the testator, and it cannot be reformed in equity nor is parol evidence admissible to change the meaning from that clearly expressed by the testator.

"However, inasmuch as a will is an ambulatory instrument until the death of the testator, he may alter or change it intentionally at any time during his life, provided, as stated above, he has testamentary capacity at the time the alterations and changes are made, but such alterations or changes must be made with intent and must be executed with the same formalities as a will to be valid.

"Interlineations, alterations or changes in a will can be made on one of two occasions only, either before the execution of the will or after the execution. Whenever they occur, the law presumes that they were made after the execution of the will. This presumption may be rebutted by parol evidence of the attesting witnesses or others showing that the alterations or changes in the will were in existence at the time it was signed and attested, or it may be rebutted by the fact that the instrument would be incomplete without such alterations or changes. If the evidence shows that the alterations or changes were made after the will was signed, it must be remembered that they have no effect unless signed and attested with the same formalities required for the execution of a will.

"A testator, after signing his will and having it attested, might lay it aside for a time, perhaps years, and then become dissatisfied with some of its provisions. He then might undertake to make changes by interlineations or alterations without saying anything to anyone. Such changes are absolutely invalid unless a codicil is properly made to the will reciting these changes." (Footnotes omitted.)

We conclude, then, that the alteration did not invalidate the will, but merely affected its construction, rendering the attempted alteration of the number "20" of

no effect, leaving the original typed "20" as the testatrix' intent.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 20, 1978 — DECIDED JANUARY 24, 1979.

*Miles & McCoy, Peyton Miles, Jackson S. Cooley,* for appellant.

*Emmett P. Johnson,* for appellee.