39532. PENDLEY et al. v. PENDLEY.

SMITH, Justice.
This is a will contest case. Norman Pendley, the testator, died in 1979. He was survived by his fourth wife, Lavinia Pendley, and two children of previous marriages. Lavinia Pendley petitioned to probate in solemn form a 1972 will wherein she is named as the sole beneficiary and executrix of Norman Pendley's estate. The children filed caveats contending that Norman Pendley was prevented by the undue influence and coercion of Lavinia Pendley from executing his will. The probate court admitted the will to probate and the children appealed to the superior court. A jury returned a verdict in favor of the caveators. Thereafter the court entered a judgment notwithstanding the verdict, from which the caveators appeal. They also appeal the failure of the court to direct a verdict against the propounder of the will for failure to make out a prima facie case establishing the execution of the will. We affirm.

1. Appellants make two enumerations. First they cite as error the granting of a judgment notwithstanding the verdict. The sole issue presented to the jury for its determination was whether Lavinia Pendley had exercised undue influence over Norman Pendley at the time he made his will. The jury found that she had.

The standard for granting a directed verdict or a judgment notwithstanding the verdict are the same. Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50 (Code Ann. § 81A-150). In reviewing grant of a directed verdict or a judgment notwithstanding the verdict, we must decide whether all the evidence

demanded it, or whether there was some evidence supporting the verdict of the jury. *Bryant v. Colvin,* 160 Ga. App. 442 (287 SE2d 238) (1981). A judgment notwithstanding the verdict is improperly granted in the face of conflicting evidence, and an appellate court must view the evidence in the light most favorable to the party who secured the jury verdict. Id. The appellants argue that Lavinia Pendley was shown by evidence sufficient to support the jury's verdict to have exercised undue influence over her husband in the making of his will. Their principal contention is that Mrs. Pendley's often expressed dislike for them prevented the testator from exercising his own free will in arranging for the disposition of his estate. They cite several disparate episodes scattered over a period of about fifteen years in support of their argument. However, none of these episodes were related to the execution of the testator's will and most occurred at times not within a reasonable period before or after its making. See *Akin v. Patton,* 235 Ga. 51 (218 SE2d 802) (1975). For undue influence to be a proper ground of caveat, it must exist at the time of the will's execution. *King v. Young,* 222 Ga. 464 (150 SE2d 631) (1966). The record does not support the contention that Mrs. Pendley substituted her own will for the wishes of the testator. There is no conflict in the evidence, and we find no merit in this enumeration.

2. In their second enumeration appellants contend that the propounder failed to introduce the original will in the superior court.

OCGA § 5-3-29 (Code Ann. § 6-501) provides that on appeal from a probate court, all competent evidence shall be admissible in the trial de novo in the superior court, and that the whole record is brought up from below. The record of the superior court proceedings shows that the record of the probate court, where the will was shown to be executed with requisite formalities, was brought up and introduced into evidence. This probate record included a photostatic copy of the original will, which original was retained by the clerk of the probate court as required by OCGA § 53-3-5 (Code Ann. § 113-612). According to the two attesting witnesses to the will, the testator apparently had sufficient mental capacity to make his will and in making it acted freely and voluntarily in 1972. Therefore, we find that the propounder made out a prima facie case, showing the factum of the will and that it was freely and voluntarily executed. *Cornelius v. Crosby,* 243 Ga. 26 (5) (252 SE2d 455) (1979); *Bianchini v. Wilson,* 220 Ga. 816 (141 SE2d 889) (1965). There is no merit in this enumeration.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1983.

Howard H. Johnston, for appellants.
Fairleigh & Furlow, Margaret H. Fairleigh, Alston, Miller & Gaines, G. Conley Ingram, Ronald L. Reid, R. Wayne Thorpe, for appellee.