BOWEN *et al. v.* NEAL, administrator, *et al.*

1. Where a will is offered for probate in solemn form, all of the attesting witnesses who are in life and within the jurisdiction of the court are necessary witnesses.
2. Where an amendment to a caveat was offered and rejected by the court, it did not become a part of the record; and this court will not review the ruling of the court below in rejecting the amendment, it appearing

that the same is not set out in the bill of exceptions or attached to the same as an exhibit properly authenticated.

SEPTEMBER 26, 1911.

Probate of will.　Before Judge Rawlings.　Bulloch superior court.　April 29, 1910.

*H. B. Strange* and *Anderson & Speer,* for plaintiffs in error. *Brannen & Booth,* contra.

BECK, J.　This was an application for the probate in solemn form of the will of James M. Bowen.　A caveat was filed, and the case was appealed by consent from the court of ordinary to the superior court.　Upon the hearing, at the conclusion of the evidence offered by the propounder, counsel for the caveators made a motion to direct a verdict setting aside the will, on the ground that the propounder had failed to make out a prima facie case and to establish the will; and further stated that the caveators would introduce no testimony.　The court overruled this motion.　Counsel for the propounder then moved the court to direct a verdict for the propounder, which the court did.　To both rulings of the court the caveators excepted.

1. The propounders were not entitled to a verdict setting up the instrument offered as the last will and testament of James M. Bowen.　One of the attesting witnesses was dead, and of course, under the statute, the testimony of any one familiar with his handwriting could properly be adduced to prove the signature of this witness.　But the other two attesting witnesses, who were in life and within the jurisdiction of the court, should have been called to prove the will and their signatures thereto.　Section 3856 of the Code (1910) provides: "Probate by the witnesses, or in solemn form, is where, after due notice to all the heirs at law, the will is proven by all the witnesses in existence and within the jurisdiction of the court, or by proof of their signatures and that of the testator, the witnesses being dead, and ordered to record; such probate is conclusive upon all the parties notified, and all the legatees under the will who are represented in the executor."　One of the two attesting witnesses who were in life at the time the will was offered for probate was called and examined, but the other was not examined.　If the latter had been without the jurisdiction of the court, testimony of one who was familiar with the signature and the handwriting of the absent witness would have been competent to prove

the signature, just as in the case of a dead witness. But the living attesting witness who was not examined was not shown to have been beyond the jurisdiction of the court. True, it appears that he was temporarily absent from the State, but his home was in Bryan County, and he was a resident of that county; and while his presence in court might not have been compelled by subpœna, interrogatories might have been sued out, with the will attached thereto, and questions in regard to the execution of the will propounded by commissioners to the attesting witness. This is the proper course to pursue where a witness not residing in the county in which the will is offered for probate will not voluntarily attend the court. *Deupree* v. *Deupree,* 45 *Ga.* 417. The named executor who offers a will for probate in solemn form must not only prove the instrument which it is sought to prove, but also that the testator was of sound and disposing mind and memory. The burden of proof as to these essential facts rests upon the propounder; and where the attesting witnesses are in life and within the jurisdiction of the court, the propounders can only successfully carry the burden of proof and make out a prima facie case by introducing testimony of all the attesting witnesses in life and within the jurisdiction of the court. They must be introduced by him, even though he knows that their testimony will be unfavorable; and in case their evidence, when introduced, tends to support a caveat rather than support and establish the will, their hostility is not necessarily fatal to the will. If their evidence tends to the destruction of the will, other witnesses who know their signatures, in case they deny the fact of their attestation, or other witnesses who can testify as to the testamentary capacity and mental condition of the testator, may be called to show all the essential facts and prerequisites to the valid execution of the will. *Gillis* v. *Gillis,* 96 *Ga.* 15 (23 S. E. 107, 30 L. R. A. 143, 51 Am. St. R. 121).

2. An amendment to the caveat was offered and rejected by the court. The order refusing to allow the amendment was excepted to, but the question raised by that exception will not be reviewed here, because the amendment which was rejected by the court is not set out in the bill of exceptions or attached thereto as an exhibit. *Barnett* v. *Railway Co.,* 87 *Ga.* 766 (13 S. E. 904); *Jones* v. *Norton, ante,* 835.

*Judgment reversed. All the Justices concur.*