## 25428. ROUGHTON v. JONES et al.

UNDERCOFLER, Justice. Sarah Robertson Jones, a resident of Telfair County, Georgia, died on April 10, 1967. She was survived by her husband, C. W. Jones. There were no children. On June 5, 1967, the court of ordinary entered an order that Sarah Robertson Jones died intestate, that C. W. Jones was her sole heir at law, and that no administration was necessary on her estate. C. W. Jones died testate on March 31, 1968. Thereafter is was discovered that Sarah Robertson Jones had left a will in which she named her husband, C. W. Jones, and appellant as executors. Appellant filed an application to probate this will in solemn form on September 26, 1968. The executors of C. W. Jones filed a caveat thereto. By consent of the parties the cause was appealed to the superior court.

The caveators filed a motion for summary judgment on the grounds that no genuine issue as to any material fact exists and that they are entitled to a judgment as a matter of law denying probate of the will of Mrs. Jones because there was an outstanding order of no administration necessary on her estate; and that the instrument offered for probate is not a will because it does not make disposition of property to legatees under Georgia law since all the bequests and legacies had either been renounced or were void.

The trial court granted caveators' motion for summary judgment and denied probate of the will. The appeal is from this judgment. *Held:*

1. The appellant contends that the summary judgment in favor of the caveators was error and that the will should not be denied probate because there was an outstanding judgment of the court of ordinary holding that Mrs. Jones died intestate and that there was no need for administration of her estate. We agree.

In *Thomasson v. Hudmon,* 185 Ga. 753, 755 (196 SE 462) this court said: "The plea of res judicata was properly stricken, or as the record recites, 'overruled.' It was held in *Walden v. Mahnks,* 178 Ga. 825 (174 SE 538, 95 ALR 1101): 'Although letters of administration have been granted upon a supposed intestacy and the administrator has obtained a final discharge, a will thereafter presented to the court of ordinary may nevertheless be admitted to probate, and this without previous annulment of the former judgments.' That decision in principle controls the point here made. There the caveators sought to plead the judgment as a bar to the application for probate; but this court, while recognizing that the court of ordinary, within the scope of its jurisdiction, had determined an intestacy, said that such an adjudication, if it could be so designated, is not conclusive to the same extent as other judgments."

The intestacy of a deceased person and the fact that no permanent administration in this State has been had upon the estate are the bases for the proceeding in the court of ordinary to dispense with the administration of an estate. Ga. L. 1958, pp. 355, 356, (*Code Ann.* § 113-1232).

It follows that the outstanding order dispensing with the administration of Mrs. Jones' estate would not be a bar to the probate of her will.

776

2. Item 4 of the will of Mrs. Sarah Robertson Jones provides in part: "After the death of my said husband and the termination of his life estate in the property referred to in the preceding item of this will, it is my wish, will and desire that my surviving executor hereinafter named shall sell any real estate, and the proceeds therefrom . . . shall be divided equally between the Methodist Church of Milan, and the Baptist Church of Milan . . . to be used equally between the Methodist Church of Milan, and the Baptist Church of Milan . . . to be used equally through the agencies of these two churches for Home and Foreign Missions, it being my wish and desire that such funds shall be disbursed immediately upon receipt thereof for such purpose and not held for a period of months or years as a part of any endowment or foundation."

The Trustees of the Methodist Church, Milan, Georgia, and the Congregation and Board of Deacons of the Baptist Church, Milan, Georgia, renounced and rejected the bequests to said churches in Item 4 of the will of Mrs. Sarah Robertson Jones on condition that the will of C. W. Jones be set up and established in solemn form and not be legally declared invalid by a court of competent jurisdiction.

The appellant contends that Item 4 of the will of Mrs. Jones creates a charitable trust which the named churches cannot defeat by renouncement.

The appellees contend that this provision does not create a charitable trust but an absolute charitable gift which can be renounced by the churches.

As early as 1848 in *Beall v. Fox*, 4 Ga. 404, 427, this court said that bequests to the Treasurer of the American Bible Society and the Treasurer of the Domestic Missionary Society for the sole use of said societies created charitable trusts and further stated: "It is a cardinal rule in the construction of wills to give effect to the *intention* of the testator, when the same can be done without violating any settled principle of the law. The authorities cited at the bar, in our judgment, establish the following propositions: that in the construction of *charitable* bequests, the court will be liberal, so as to carry into effect the intention of the testator; that where the charitable intent can be discovered from the will, a court of equity will carry such intent into execution, and support the charitable purpose; that the court will not suffer an

equitable interest to fail for want of a *trustee* to support it; . . . that a court of equity has inherent jurisdiction in cases of charitable bequests and devises, and that cases of charity in the courts of equity in England, were held valid, and executed independently of, and previous to the Statute of 43 Elizabeth . . . The charitable bequests in the will of the testator, John Fox, to the Treasurer of the American Bible Society, and to the Treasurer of the Domestic Missionary Society, for the *sole use, benefit, and behoof of said Societies,* are definite, and the specific objects of the trusts pointed out. The treasurers of the respective societies, and their successors in office, are constituted *trustees* for the sole use, benefit and behoof thereof. But if there had not been any *trustee* named in the will, or if the one named should refuse, or be incapable of acting, the court would, by virtue of its inherent jurisdiction over *charitable uses and trusts,* lay hold of the trust fund, and carry into effect the *charitable intention* of the testator, by appointing a trustee for that purpose, if necessary." *Newson v. Starke,* 46 Ga. 88; *Houston v. Mills Memorial Home,* 202 Ga. 540 (43 SE2d 680).

Religious instruction or worship is a subject of charity. *Code* § 108-203 (3). "Donations to be held for charitable purposes are usually called charitable or public trusts. Such trusts are created for the general benefit of an indefinite number of persons constituting the public at large or a portion thereof." Redfearn on Wills, Vol. 1, p. 618, § 218. "Equity has jurisdiction to carry into effect the charitable bequests of a testator." *Code* § 108-201.

In *Beckwith v. Rector, Wardens &c. of St. Philip's Parish,* 69 Ga. 564 (2) it was said: "The rules governing the establishment and administration of charitable trusts are different from those applicable to private trusts, in giving effect to the intention of the donor and in establishing the charity. . . But if a gift is made for a public charitable purpose, it is immaterial that the trustee is uncertain or incapable of taking, or that the objects of the charity are uncertain and indefinite. It will, nevertheless, be sustained. Courts look with special favor upon such trusts." *Code* § 108-302 provides: "A trust shall never fail for the want of a trustee."

In *Prince v. Barrow,* 120 Ga. 810 (3) (48 SE 412), it was said: "a court of equity will not allow the trust to be destroyed by the refusal of the person nominated as trustee to accept

the trust, or his declination or failure to execute it, if, by any possibility, it is capable of execution by the court." But the relief granted by a court of equity in dealing with trust estates will always be so moulded and framed as to render the trust effectual and secure the best interest of all parties. *Code* § 108-118.

Under the foregoing authorities, we hold that the bequest in the instant case created a charitable trust. The beneficiaries are the "Home and Foreign missions." The Methodist and Baptist churches of Milan are merely trustees. They can not defeat the trust by renouncement. If they refuse to act as trustees, equity will replace them so that the testator's intention is carried out and the charitable purpose fulfilled.

It follows that the court erred in granting the motion for summary judgment.

The case of *Kelley v. Welborn,* 110 Ga. 540 (1) (35 SE 636) is not authority for a contrary holding since it was conceded in that case that a charitable use was involved and the decision was only concerned with the contention that it was not a bequest to a charitable or religious institution within the meaning of what is now *Code Ann.* § 113-107.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 10, 1969—DECIDED NOVEMBER 6, 1969—REHEARING DENIED DECEMBER 4, 1969.

*E. Herman Warnock,* for appellant.

*Billy W. Walker, Will Ed Smith,* for appellees.