26416. TAYLOR v. DONALDSON.

SUBMITTED MARCH 8, 1971—DECIDED APRIL 8, 1971—
REHEARING DENIED APRIL 22, 1971.

Boyd Eugene Taylor, *pro se, G. Seals Aiken,* for appellant.
*Chance & Maddox, Ronald F. Chance,* for appellee.

GRICE, Justice. This appeal is from the grant of a summary judgment probating a will.

The proceeding began when the will of Hortense E. Taylor was offered for probate in solemn form in the Court of Ordinary of Gordon County by the propounder and principal beneficiary, Emma Donaldson. Caveats were filed thereto by Boyd Eugene Taylor and David L. Taylor upon the grounds of undue influence and revocation by subsequent will. The court of ordinary rendered judgment ordering that the will be admitted to probate.

This judgment was appealed by Boyd Eugene Taylor to the Superior Court of Gordon County. The other caveator did not appeal.

Subsequently the parties employed discovery procedure by requests for admissions and interrogatories, to be referred to later.

Thereupon, the propounder filed a motion for summary judgment in her favor and against the caveator Boyd Eugene Taylor, asserting that there was no genuine issue as to any material fact and that she was entitled to judgment in her favor as a matter of law. In support of this motion she attached the following: the judgment of the court of ordinary probating the will in solemn form; material portions of the propounder's interrogatories to said caveator and his answers thereto; the propounder's requests for admissions by said caveator and his answers thereto. Rule nisi issued for the caveator to show cause on a specified date why the motion should not be granted, and reciting that prior thereto the caveator was to serve any opposing affidavits and/or documents to be relied upon by him.

To this motion and rule nisi the caveator made no response whatever.

While this motion was pending, the propounder moved to strike certain of the caveator's interrogatories to the propounder, which had not been answered, on the ground that they were unduly burdensome and were for the sole purpose of harrassing, oppressing and annoying the propounder. No ruling was made as to this motion. Also, during this period David L. Taylor, who had been a caveator in the proceedings in the court of ordinary, filed an application for a stay of the proceeding upon appeal in the superior court because of his existing military service. No ruling was made on this motion to stay.

Subsequently the trial court entered an order upon the motion for summary judgment reciting in material part as follows: that on considering the entire record including the judgment of the court of ordinary, the propounder's interrogatories and the answers thereto of the caveator, and the propounder's requests for admissions and the answers thereto of the caveator, the motion was granted in favor of the propounder; that the caveat was dismissed; that the judgment of the court of ordinary was made the judgment of the superior court; and that the will was admitted to record in solemn form.

After the notice of appeal was given the propounder moved to delete from the record certain affidavits of the caveator upon grounds not necessary to recite here. The trial court granted this motion.

For support of the appeal the caveator appellant relies upon 26 enumerations of error. These contain considerable duplication, and therefore in the interest of brevity they will be grouped and treated together wherever possible.

1. At the outset, we deal with the fundamental question of whether our statutes authorize the grant of summary judgment probating a will in solemn form in the superior court upon appeal from the court of ordinary.

This question has not been decided by this court, although there are decisions which have dealt with the grant as well as the denial of summary judgments in will probate proceedings where the issue was not raised. See in this connection, *Lampkin v. Edwards,*

222 Ga. 288 (149 SE2d 708); *Argo v. Geise,* 224 Ga. 695 (164 SE2d 134); *Roughton v. Jones,* 225 Ga. 774 (171 SE2d 536); *Smith v. Smith,* 225 Ga. 799 (171 SE2d 524); *Sutton v. Hutchinson,* 226 Ga. 99 (172 SE2d 663); *Ward v. Ward,* 226 Ga. 212 (173 SE2d 703); *Thomas v. Roughton,* 227 Ga. 127 (179 SE2d 62).

However, it should be noted that the Court of Appeals has held that summary judgment is an available remedy upon appeal in the superior court of a year's support proceeding. *Woodall v. First Nat. Bank,* 118 Ga. App. 440 (164 SE2d 361).

The answer to this question requires interpretation of a salient provision of the Civil Practice Act (Ga. L. 1966, p. 609 et seq.).

Section 56 of that Act (*Code Ann.* § 81A-156), in providing for summary judgment, declares in essential part that "A party seeking to recover upon a *claim,* counterclaim or cross-claim or to obtain a declaratory judgment may . . . move with or without supporting affidavits for a summary judgment in his favor . . ." and also that "A party *against* whom a *claim,* counterclaim or cross-claim is asserted or a declaratory judgment is sought," may also obtain a summary judgment. (Emphasis supplied.)

This section must be construed with Section 1 of the Civil Practice Act (*Code Ann.* § 81A-101), which declares that "This Title governs the procedure in all courts of record of the State of Georgia *in all suits of a civil nature* whether cognizable as cases at law or in equity, with the exceptions stated in section 81A-181. The provisions of this Title shall be construed to secure the just, speedy, and inexpensive determination of *every* action." (Emphasis supplied.)

Section 81 of this Act (*Code Ann.* § 81A-181) states that "This Title shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law."

We do not believe that the General Assembly intended to give a restrictive meaning to the term "claim" in section 56 of the Act (*Code Ann.* § 81A-156), supra. In our view this term is not confined to such actions as contracts, torts or the like.

In this connection, Rule 56 of the Federal Rules of Civil Procedure, from which our section 56 was taken verbatim except for the time factor, has been applied to a great variety of types of

actions showing that the term "claim" is to be broadly interpreted. See Title 28, U.S.C.A. Rule 56, Notes to Decisions, p. 306 et seq.; 6 Moore's Federal Practice § 56.17. The absence of federal cases in the foregoing collations involving summary judgments is due, we feel sure, to the lack of federal court jurisdiction in will probate matters.

We conclude that the term "claim" as used in Section 56 of the Civil Practice Act (*Code Ann.* § 81A-156) applies to the situation here, where the propounder of a purported will, upon appeal to the superior court, seeks to establish it as the last will and testament of a decedent. It falls within the sweeping language of Section 1 of the Act (*Code Ann.* § 81A-101), "in all suits of a civil nature." Since the superior court is a court of general jurisdiction, and since the appeal is a de novo proceeding, it cannot be maintained that availability of summary judgment would conflict with "any rules of practice and procedure" in any "special statutory proceedings," as contemplated by section 81 (*Code Ann.* § 81A-181), supra.

Therefore we hold that where the evidence authorizes it, the superior court is impowered to grant a summary judgment probating a will in solemn form so as to administer a decedent's estate. Accordingly, the enumerations involving this issue are without merit.

Inasmuch as the question we decide here relates to summary judgment upon appeal in the superior court, we make no ruling as to its availability in the court of ordinary. Cf. *Woodall v. First Nat. Bank,* 118 Ga. App. 440, supra.

2. We next determine whether, under the facts and circumstances here, the grant of summary judgment was proper. A large number of enumerations assert, for various reasons, that it was not warranted because there were genuine issues of fact for the jury to decide. We cannot agree.

Initially it should be pointed out that the superior court judge in passing upon the motion for summary judgment had before him the record of the probate proceeding in the court of ordinary. It appeared therefrom that the will was established, notwithstanding the caveats asserting undue influence and revocation by subsequent will. The judge's order recited that the caveats were without

foundation and admitted the will for record.

The superior court judge also had before him the discovery proceedings referred to above.

In this connection, the propounder sought answers from the caveator and his then attorney as follows: "(a) State the names and present addresses, or such information as is known concerning same, of all persons known to you or to your attorney, who have or may have knowledge or information concerning the facts at issue in this civil action and who might be witnesses in this action. (b) If you now have any witnesses whom you expect to use as a witness in this civil action, then, state substantially what you expect to prove by each and every respective witness."

To these interrogatories the caveator and the attorney representing him at that time each answered as follows: "(a) At the present time I do not have the names of any persons or any information concerning any persons who have or may have knowledge or information concerning the facts at issue in this case. (b) I do not have any witnesses at the present time whom I expect to use as witnesses in this civil action."

Also the propounder sought admissions from the caveator and his attorney as follows: "(1) The truth of the following statement: In August of 1969, you testified upon the trial of the issues involved in the above stated case before the [ordinary] to the effect that you knew of no person or persons who had or might have any knowledge or information concerning the facts at issue in this civil action and who might be witnesses therein; (2) The truth of the following statement: You do [not] now know of any person or persons who have or might have knowledge or information concerning the facts at issue in this civil action who might be witnesses in this action."

To these requests for admissions the caveator and the attorney representing him replied: "1. I stated that I did not have the names of any persons who might be witnesses. I still do not have any witnesses. 2. I do not now know of any person or persons who have or might have knowledge or information concerning the facts at issue in this civil action who might be witnesses in this action."

From the foregoing answers and admissions, and without the necessity of any supporting affidavits, it was apparent that the

caveator and his attorney knew of no witnesses or information pertinent to the issues on appeal. Therefore, they were not in position to produce, upon a jury trial in the superior court, any evidence to substantiate the grounds of the caveat.

The propounder's motion thus effectively pierced the caveator's pleading and revealed that the caveat had no merit whatsoever. In view of this situation, the caveat had no legal significance in the appeal and was subject to being eliminated therefrom.

Without the caveat there was no issue upon the appeal. Hence there was no necessity for the propounder to present any evidence upon a jury trial to establish the validity of the will, by the subscribing witnesses or otherwise.

As this court stated in a case involving the probate of and caveat to a will, "The purpose of the Summary Judgment Act of 1959 (Ga. L. 1959, p. 234) was to eliminate the necessity for trial by jury where there is no genuine issue as to any material fact shown by the record and the moving party is entitled to a judgment as a matter of law. [Citations.]" *Lampkin v. Edwards,* 222 Ga. 288 (1) (149 SE2d 708).

Therefore, to proceed further in the superior court with this case would indeed have been an exercise in futility. It follows that the superior court properly granted the propounder's motion for summary judgment dismissing the caveat, and correctly ordered that other steps be taken so as to bring the litigation to a close.

3. A different result is not required by reason of the answers given by the propounder to the caveator's requests for admission. These were also before the superior court judge in passing upon the motion for summary judgment. We have carefully examined them and none raises an issue for caveat.

4. Neither is a contrary conclusion indicated because the summary judgment was granted while the caveator's interrogatories to the propounder remained unanswered. The propounder had moved to strike these for reasons stated at the beginning of this opinion. If the caveator deemed his position meritorious it was his duty to pursue this motion and obtain an order. Not having done so it is too late now, after an unfavorable judgment has been entered, for him to urge the matter.

5. Nor is the summary judgment invalid because of the time of

its rendition. It was not handed down sooner than permitted by *Code Ann.* § 81A-156 (b). If it was not entered "forthwith," as provided for in *Code Ann.* § 81A-156 (c), this delay was occasioned by the loss of the original record, which had to be re-established. No error is shown thereby.

6. The summary judgment was not erroneous because of the oral statement of the superior court judge, in announcing his decision, that it was shown that the caveator did not know anything other than what was testified to in the court below or anything that would change his prior testimony. This was not a judgment or order, but merely a reason given for the ruling.

7. There is no merit in the enumerations urging that the court of ordinary made conflicting rulings and dismissed the caveats because they were not verified. These matters are not borne out by the record.

8. The enumerations complaining of the refusal to grant a stay of proceedings because of the absence of Lt. David L. Taylor, who was then serving in the armed forces of the United States in Viet Nam, are not meritorious. He was not a caveator in the appeal then pending in the superior court. As to his being a witness for the sole caveator in that court, there was no showing as to the nature of any testimony that he would give in order to determine its materiality. Accordingly, there was no abuse of discretion in refusing the caveator's application for a motion to stay.

9. There is no merit in the enumeration asserting that the superior court erred in striking from the record the caveator's affidavits and that this denied him his constitutional right to a full and fair trial. These documents were sought to be introduced subsequent to the order granting the summary judgment and the notice of appeal, and they had no proper place in the record on appeal.

We find no error in the enumerations.

*Judgment affirmed. All the Justices concur.*