### 28575. BECK et al. v. DAVIS.

NICHOLS, Justice. Mary Davis filed a petition seeking to probate the will of Mary Ethel Sims. A caveat was filed by the sister of the deceased and later amended so as to include other heirs at law as parties to such caveat. From an adverse judgment in the court of ordinary the caveators filed an appeal to the superior court

where the jury returned a verdict for the caveators. The propounder filed a motion for new trial which as amended included a total of 17 grounds. The trial court granted propounder's motion for new trial on 10 designated grounds of the motion for new trial, nine of which dealt with the sufficiency of the evidence to support the contentions of the caveators. The remaining grounds upon which the new trial was granted sustained the propounder's contention that an excerpt from the charge was error. The judgment granting a new trial was certified for immediate review and the present appeal filed. *Held:*

1. The appellant concedes that the judgment of the trial court must be affirmed unless a verdict for the caveators was demanded by the evidence adduced on the trial of the case.

2. The purported will was prepared by an attorney in 1961 and executed at such time. There was no direct evidence to controvert the testimony of propounder that she did not know of the contents of the will until after the testatrix had died.

The evidence showed at most an opportunity by the propounder to exert undue influence upon the testatrix. Mere opportunity is insufficient to prove that the will is a result of undue influence. See *Waldrep v. Goodwin,* 227 Ga. 560, 562 (181 SE2d 837).

The evidence as to monomania, even if sufficient to have supported the verdict for the caveators, did not demand a verdict either that monomania existed or that it produced the will.

The excerpt of the charge complained of in the remaining ground of the motion for new trial might correctly be referred to as lapsus linguae, yet, the inclusion of this error as one ground upon which the motion for new trial was granted shows no reversible error.

*Judgment affirmed. All the Justices concur.*

Submitted January 15, 1974 — Decided February 18, 1974.

*Kendrick W. Mattox, Jr., Burns, Carr, Shumaker & Davis, J. Richard Carr,* for appellants.

*Ketzky & Hipp, P. Seale Hipp,* for appellee.