[No. 1005-3.    Division Three.    May 7, 1975.]

SHERIE JEANNE SMITH et al, *Appellants,* v. SCHOOL DISTRICT No. 308 et al, *Respondents.*

*William J. Powell,* for appellants.

*Robert F. Patrick, Prosecuting Attorney,* for respondents.

MUNSON, J.—Plaintiffs appeal from a summary judgment dismissing their appeal for reinstatement as employees of Endicott School District 308.

Miss Smith was employed as an art teacher and physical

education instructor and Miss Villers as a librarian and mathematics instructor for the school year 1972-73. On April 9, 1973, they received notices of nonrenewal setting forth the various causes for that action.[1] Both plaintiffs were offered half time teaching contracts, which they rejected.

Pursuant to RCW 28A.58.515[2] plaintiffs appealed the nonrenewal directly to the Superior Court. All parties moved for summary judgment; the trial court granted the defendants' motion and dismissed plaintiff's appeal. Our review indicates genuine issues of material fact exist, thus we reverse.

■ The first issue is whether CR 56, summary judgment, applies to these actions inasmuch as RCW 28A.58.515 provides that: "In lieu of requesting a hearing before the board of directors . . . an employee may elect to appeal . . . directly to the superior court . . ." and RCW 28A.58.480 states: "Any appeal to the superior court by an employee shall be heard de novo . . . [and] expeditiously."

Paraphrasing CR 56(a) and (b), a party seeking to recover, or a party against whom a "claim" is made may "move with or without supporting affidavits for a summary judgment . . ."

---

[1] "a. Loss of revenues due to recent legislative changes in the state distribution formula to the local school district.

"b. Your lack of seniority in relation to other members of the teaching staff.

"c. You are qualified to teach only three secondary classes which meet the needs of the school district.

"d. The board's position is to maintain high school accreditation and prevent loss of apportionment monies from the state to the local schools."

[2] "In lieu of requesting a hearing before the board of directors or its designated hearing officer pursuant to the provisions of RCW 28A.58.450 and 28A.67.070, an employee may elect to appeal the action of the board directly to the superior court of the county in which the school district is located . . . The superior court shall determine whether or not there was sufficient cause for the action of the board of directors and shall base its determination solely upon the cause or causes stated in the notice of the employee. The appeal provided in this section shall be conducted in the same manner as appeals provided in RCW 28A.58.470 through 28A.58.500."

CR 1 states the "rules govern the procedure . . . in all suits of a civil nature . . ." except as provided in rule 81, relating to special proceedings. The legislature must be held to have known of the applicability of these rules when it enacted RCW 28A.58.515.

> Since the superior court is a court of general jurisdiction, and since the appeal is a de novo proceeding, it cannot be maintained that availability of summary judgment would conflict with "any rules of practice and procedure" in any "special statutory proceedings," . . . [when the evidence justifies its applicability].

*Taylor v. Donaldson*, 227 Ga. 496, 499, 181 S.E.2d 340, 343 (1971); *cf. Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572 (2d Cir. 1969); *Rhodes v. Jones*, 351 F.2d 884 (8th Cir. 1965); *Twin Coach Co. v. Chance Vought Aircraft, Inc.*, 52 Del. 588, 163 A.2d 278 (1960).

CR 56 may be applicable in this proceeding, if, as in any other matter, no genuine issue of material fact exists.

Our review of the record evidences there are genuine issues of material fact as to the amount of funds available to the district for the school year 1973-74, the effects of inflation thereon, and the qualification certifications and seniority rights, if any, of the plaintiffs in relation to the other teachers.

Judgment reversed and the matter remanded for trial.

McINTURFF, C.J., and GREEN, J., concur.