38011.   NORTON et al. v. GEORGIA RAILROAD BANK & TRUST COMPANY.

WELTNER, Justice.

The caveators appeal the order of the superior court granting the propounder's motion for summary judgment and admitting a will to probate in solemn form.

The will created trusts for the benefit of the widow and six of the testator's children and named the propounder, Georgia Railroad Bank and Trust Company, as trustee and executor. The will recited that no provision was made for three of the sons, because they had already received fair shares of the estate.

The will was witnessed by the attorney who prepared it (and who predeceased the testator) and by one of the caveators. A codicil was witnessed by the same attorney and by an acquaintance of the testator. The codicil corrected a clerical error in the will involving an incorrect legal citation.

The will and codicil were probated in common form in probate court. Thereafter, the three sons filed the caveat contending that the will and codicil were not properly executed, and were the result of undue influence of Georgia Railroad Bank and Trust. The propounder and caveators expressly waived hearing before the probate court on the solemn form petition, and agreed to appeal to the superior court.

1. Caveators cite as error the fact that the available witnesses were not called to testify in the solemn form proceeding in superior court. They refer to earlier decisions of our courts which held that the propounder is required to produce all subscribing witnesses within the jurisdiction of the court. *Bowen v. Neal,* 136 Ga. 859, 860 (72 SE 340) (1911); *Bloodworth v. McCook,* 193 Ga. 53, 54 (17 SE2d 73) (1941); *Miller v. Miller,* 104 Ga. App. 224 (121 SE2d 340) (1961).

These cases precede our decision in *Taylor v. Donaldson,* 227 Ga. 496 (181 SE2d 340), cert. denied, 404 U. S. 805 (1971), which held that the summary judgment procedures of the 1966 Civil Practice Act (Code Ann. § 81A-156; Ga. L. 1966, p. 609, 660, as amended) are applicable to solemn form probate in superior court.

Earlier courts based the conclusion that subscribing witnesses must be present upon an interpretation of Code Ann. § 113-602 (Ga. L. 1859, p. 34, as amended), which provides that: "[P]robate in solemn form is the proving of a will . . . by all witnesses in life and within the jurisdiction of the court." Following *Taylor v. Donaldson,* supra, a propounder is required only to prove the will in accordance with the Georgia Civil Practice Act, which does not of necessity require personal appearance. The trial court did not err in admitting the will to probate in solemn form without the personal appearance and testimony of subscribing witnesses.

2. The trial court did not err in considering the transcript of the common form probate proceeding on motion for summary judgment. "[T]he undisputed testimony of witnesses admitted in probate court . . . will sustain the superior court's grant of summary judgment admitting the will to probate." *Tony v. Pollard,* 248 Ga. 86, 90 (281 SE2d 557) (1981).

The caveators argue that the transcript should be excluded as the common form probate proceeding allowed no opportunity for cross-examination. This argument is without merit, as affidavits in support of motions for summary judgment are not subject initially to cross-examination.

3. Caveators contend that there are genuine issues of fact as to whether the will was properly attested by Richard Norton, one of the caveators.

Code Ann. § 113-301 (Ga. L. 1851-2, p. 104, as amended), provides: "All wills . . . shall be attested and subscribed in the presence of the testator by two or more competent witnesses." Under our law, attestation of a will requires that the testator must either sign in the presence of the witness or acknowledge his signature to the witness. *Shewmake v. Shewmake,* 144 Ga. 801, 819-820 (87 SE 1046) (1916); *Cornelius v. Crosby,* 243 Ga. 26, 27 (252 SE2d 455) (1979). Acknowledgment by the testator need not be explicit, but may be inferred from conduct. *Shewmake,* supra, 144 Ga. at 815; *Glenn v. Mann,* 234 Ga. 194 (214 SE2d 911) (1975).

Richard Norton testified at the common form probate hearing that he was not in the house when the testator, his father, signed the will. He later entered the living room and sat at a table "right by" the testator, who sat across from the attorney. The attorney asked Norton to witness the instrument, and the witness signed it in the

presence of the testator.

This evidence is sufficient to establish acknowledgment. Norton did not contradict or deny his prior testimony, but seeks to create a jury issue through his conclusion by affidavit that the testator did not "ever acknowledge to me the signature which appears on [the will]." Unsupported by specific allegations of fact, that contention cannot avoid summary judgment. Code Ann. § 81A-156 (e); *Clements v. Warner Robins Supply Co.,* 235 Ga. 612, 615 (221 SE2d 35) (1975); *Healthdyne, Inc. v. Henry,* 144 Ga. App. 52, 54 (240 SE2d 259) (1977); *Sasser & Co. v. Griffin,* 133 Ga. App. 83, 85 (210 SE2d 34) (1974).

We agree with the trial court that there is no genuine factual issue as to acknowledgment.

4. The caveators contend that there is a genuine factual issue as to whether the propounder exercised undue influence over the testator. They allege that the propounder had suggested testamentary plans for the testator since 1953, and had sought to influence the testator to change his will at various times. They further claim that the propounder "stands to make large unspecified fees from the handling of the Estate and Trusts created in the [will]. . . ."

" 'Undue influence, to invalidate a will, must amount to force or fear — must, in effect, make the will the mental offspring of some other person, and must be operative on the mind of the testator at the time the will is executed. It must destroy the free agency of the testator and constrain him to do what is against his will, but what he is unable to refuse. *Potts v. House,* 6 Ga. 324 (50 Am. D. 329) [1849]; *Morris v. Stokes,* 21 Ga. 552 [1857]; *Thompson v. Davitte,* 59 Ga. 472 [1877]; *DeNieff v. Howell,* 138 Ga. 248, 251 (6) (75 SE 202) [1912];' *Galloway v. Hogg,* 167 Ga. 502, 524 (146 SE 156) [1928]." *Trust Co. of Ga. v. Ivey,* 178 Ga. 629, 641 (173 SE 648) (1933).

It is undisputed that the attorney who drafted the will was not an agent of the propounder, and that no agent of the propounder was present when the will was executed. "[T]he fact that appellee was not present [at the time the document was executed] . . . gives rise to an inference that there was no undue influence at the crucial time of execution." *Mitchell v. Hillsman,* 241 Ga. 289, 290-291 (244 SE2d 871) (1978). The mere opportunity to exert undue influence is not enough to invalidate a will. *Beck v. Davis,* 231 Ga. 756 (204 SE2d 113) (1974); *Powell v. Thigpen,* 230 Ga. 760 (1) (199 SE2d 251) (1973). The caveators have failed to show undue influence.

5. We do not reach the question of whether the codicil was properly executed, as it merely corrects a clerical error.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

Decided January 6, 1982 —
Rehearing denied February 3, 1982.

*Burnside & Wall, Thomas R. Burnside, Jr., Abbot & Murphy, James C. Abbot,* for appellants.

*Knox & Zacks, Wyck A. Knox, Jr., William R. McCracken,* for appellee.