297 Ga. 405
FINAL COPY

S15A0335. REEVES et al. v. WEBB et al.
S15A0336. GROENENBOOM v. WEBB et al.

HINES, Presiding Justice.

This is a will contest in which the propounder and the beneficiaries are appealing an order of the probate court dismissing the petition to probate the will in solemn form and a subsequent order denying their motion for new trial, or in the alternative, motion to set aside judgment and enter judgment admitting the will to probate. For the reasons that follow, we reverse and remand.

Joseph Thomas Schmidt ("Schmidt") executed the will at issue ("Will") on July 20, 2010. Schmidt was a disabled Marine Corps veteran who suffered from paranoid schizophrenia with delusions since the early 1970s; he also had vision and hearing difficulties. He was treated as a disabled veteran and received disability benefits from the Veterans Administration ("VA") until his death on October 5, 2013. He was appointed a VA guardian and conservator in 1974. Dale L. Groenenboom ("Groenenboom") was appointed as successor guardian of Schmidt's person and property in 1976, and served in such capacity

until Schmidt's death. In 1997, Schmidt entered into the personal care home owned and operated by Charles H. Reeves, Jr., and his wife, Jerry J. Reeves ("Reeveses"), and he resided there the remainder of his life. The Reeveses were compensated monthly for their services. Groenenboom was selected to be Schmidt's guardian by the VA, and controlled Schmidt's funds, including his VA disability payments and his Social Security benefits, and he made the payments to the Reeveses for Schmidt's custodial care and monthly spending allowance. The Will named Groenenboom as executor and the Reeveses and Groenenboom as the beneficiaries.[1] In the Will, Judith Webb ("Webb"), Schmidt's twin sister[2] and sole named heir at law, was expressly excluded from inheriting from Schmidt's estate.[3]

On December 6, 2013, Groenenboom filed the petition to probate the Will in solemn form ("Petition") and a "Petition of Conservator for Final Settlement

---

[1] Under the Will, the Reeveses each inherited 40% of the estate, and Groenenboom received the remaining 20% of the estate, which estate was valued in excess of $500,000.

[2] Schmidt and Webb were placed in an orphanage as young children and were adopted as a pair in 1947.

[3] The Will stated:
> I have intentionally and with full knowledge omitted to provide for any and all of my heirs, including but not limited to my sister, Judi Webb, who are not specifically mentioned in the terms of this my Last will and Testament.

of Accounts and Discharge from Office and Liability" ("Settlement"). On March 18, 2014, Webb filed a motion to deny the Petition and the accompanying Settlement, as well as an objection and caveat to them, contending that Groenenboom, as guardian and conservator, and the Reeveses as custodians, breached their fiduciary duties owed to their ward, Schmidt; that they committed fraud against Schmidt and the probate court; that Schmidt was unduly influenced by them within the meaning of OCGA § 53-4-12;[4] and that Schmidt lacked testamentary capacity at the time the Will was executed.

On June 9, 2014, the probate court entered a final order dismissing the Petition. It did so after finding that propounder Groenenboom did not "make out a prima facie case" to admit the Will to probate in that Groenenboom "failed to produce the subscribing witness [to the Will] for examination at the hearing despite the fact that they were neither shown to be deceased or inaccessible." The probate court further justified its dismissal on the basis

> that propounder has failed in its burden to make a prima facie case

---

[4] OCGA § 53-4-12 provides:

A will must be freely and voluntarily executed. A will is not valid if anything destroys the testator's freedom of volition, such as fraudulent practices upon the testator's fears, affections, or sympathies; misrepresentation; duress; or undue influence whereby the will of another is substituted for the wishes of the testator.

showing that the will was properly executed, made freely and voluntarily, and that the testator had sufficient mental capacity to make it at the time the will was executed.

It also stated:

The court recognizes that the propounder in certain instances may make the proof initially required to establish a prima facie case by other witnesses who can testify, and upon sufficient proof the burden then falls on the caveator to rebut the testator's testamentary capacity. However, the propounder cannot get to that point without first introducing at the hearing all the living and accessible subscribing witnesses who were physically present during the execution [of] the will.

On June 20, 2014, Groenenboom filed a motion for reconsideration, and this motion was denied on June 24, 2014. On July 8, 2014, Groenenboom and the Reeveses filed their motion for new trial, or in the alternative, motion to set aside judgment and enter judgment admitting the Will to probate, and this motion was denied on July 11, 2014. The Reeveses (No. S15A0335) and Groenenboom (No. S15A0336) pursue the present appeals, which have been consolidated for consideration.

In dismissing the Petition, the probate court relied heavily upon *Spivey v. Spivey*, 202 Ga. 644 (44 SE2d 224) (1947), quoting from it that in order

[t]o make out a prima facie case, and to be entitled to a judgment of

4

> probate in solemn form, the propounder must introduce at the hearing all the subscribing witnesses, if living and accessible, or proof of their signatures, if dead or inaccessible.

Id. at 649 (1). This statement from *Spivey* was based upon former Code Ann. § 113-602, which early case law interpreted as requiring that subscribing witnesses be present in the court in order to prove the will for its admission into probate in solemn form; however, following *Taylor v. Donaldson*, 227 Ga. 496 (181 SE2d 340) (1971), the propounder of a will was "required only to prove the will in accordance with the Georgia Civil Practice Act, which does not of necessity require personal appearance." *Norton v. Georgia R. R. Bank & Trust Co.*, 248 Ga. 847, 848 (1) (285 SE2d 910) (1982). Furthermore, OCGA § 53-4-24 provides for self-proved wills and codicils, stating in subsection (a):

> At the time of its execution or at any subsequent date during the lifetime of the testator and the witnesses, a will or codicil may be made self-proved and the testimony of the witnesses in the probate regarding such will may be made unnecessary by the affidavits of the testator and the attesting witnesses made before a notary public. The affidavit and certificate provided in subsection (b) of this Code section shall be the only prerequisites of a self-proved will or codicil.[5]

---

[5] OCGA § 53-4-24 (b) provides:

The affidavit shall be evidenced by a certificate, affixed with the official seal of the

In the present case, the Will had an attached executed self-proving affidavit.[6]

---

notary public, that is attached or annexed to the will or codicil, in form and content substantially as follows:

STATE OF GEORGIA

COUNTY of _____

Before me, the undersigned authority, on this day personally appeared _____, _____, and _____, known to me to be the testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and all of said individuals being by me duly sworn, _____, testator, declared to me and to the witnesses in my presence that said instrument is the last will and testament or a codicil to the last will and testament of the testator and that the testator had willingly made and executed it as a free act and deed for the purposes expressed therein. The witnesses, each on oath, stated to me in the presence and hearing of the testator that the testator had declared to them that the instrument is the testator's last will and testament or a codicil to the testator's last will and testament and that the testator executed the instrument as such and wished each of them to sign it as a witness; and under oath each witness stated further that the witness had signed the same as witness in the presence of the testator and at the testator's request; that the testator was 14 years of age or over and of sound mind; and that each of the witnesses was then at least 14 years of age.

_____
Testator

_____
Witness

_____
Witness

Sworn to and subscribed before me by _____, testator, and sworn to and subscribed before me by _____ and _____, witnesses, this _____ day of _____, _____.

(SEAL)

(Signed) _____
      (Official Capacity of Officer)

So, the Will could be admitted to probate and into evidence without the testimony of the subscribing witnesses or other proof for the purpose of showing that the formalities of execution were met. *Duncan v. Moore*, 275 Ga. 656, 657 (1) (571 SE2d 771) (2002).

Certainly, it is the burden of the propounder of a will to establish a prima facie case, which includes showing the fact of the will, the testator's apparent sufficient mental capacity to make it at the time of its execution, and that the testator acted freely and voluntarily in doing so; after this has been accomplished, the burden of proof shifts to the caveator. *Singelman v. Singelmann*, 273 Ga. 894, 895 (1) (548 SE2d 343) (2001). Again, the Will is self-proved; therefore,

> compliance with the requirements of execution are presumed without the live testimony or affidavits of witnesses; that is, the affidavit creates a presumption regarding the prima facie case, subject to rebuttal. OCGA § 53-5-21 (a).[7]

---

[6] The affidavit contained the signatures of the testator Schmidt, and the two witnesses to the Will as well as the signed attestation by a notary public, and was substantially similar in form to the example set forth in OCGA § 53-4-24 (b).

[7] Present OCGA § 53-5-21 (a), effective January 1, 2015, provides:
A will may be proved in solemn form after due notice, upon the testimony of all the witnesses in life and within the jurisdiction of the court, or by proof of their signatures and that of the testator as provided in Code Section 53-5-23. The testimony of only one witness shall be required to prove the will in solemn form if no caveat is filed. If a will is self-proved, compliance with signature requirements and other requirements of execution is presumed

7

*Singelman v. Singelmann*, at 896 (1).  Indeed,

> [e]ven in the case of a will that is not self-proved, witnesses to the will may be examined in person, by written interrogatories, or by other discovery procedures, as in other civil cases. OCGA § 53-5-23 (a). The taking of testimony in the manner prescribed by statute is sufficient for all purposes in the probate proceeding. OCGA § 53-5-23 (c).[8]
>
> Id.

Accordingly, the judgments of the probate court are reversed and the case is remanded to that court for proceedings consistent with this opinion.

---

subject to rebuttal without the necessity of the testimony of any witness upon filing the will and affidavit annexed or attached thereto.

[8] OCGA § 53-5-23 states:

(a) In all proceedings for the probate of a will in common form or solemn form, witnesses to the will may be examined in person or by written interrogatories which shall be answered in writing and under oath before a notary public or by depositions or other discovery procedures under the same circumstances as other civil cases. The probate court shall have the power to compel the attendance of witnesses in the same manner as the superior court.

(b) Where witnesses are to be examined as authorized by this Code section, a photocopy of the will may be exhibited to the witnesses in lieu of the original will. The testimony of a witness to whom a photocopy of a will has been exhibited shall be given the same weight as though the original will had been exhibited to the witness.

(c) The provisions of this Code section shall not be construed as repealing any other statutory provision prescribing a method or procedure for the taking of testimony by interrogatories or depositions, but as supplementary of such other provisions and cumulative to such other provisions and as providing additional means or methods of taking the testimony of subscribing witnesses to a will in proceedings for the probate of the will. The taking or procuring of testimony in the manner prescribed by this Code section shall be sufficient for all purposes of the probate proceedings, notwithstanding any other statute.

<u>Judgments reversed and case remanded. All the Justices concur</u>.

Decided June 29, 2015.

Wills. Richmond Probate Court. Before Judge James.

<u>Troy A. Lanier</u>, for Reeves et al.

<u>J. Larry Broyles</u>, for Groenenboom.

<u>Debra M. Bryan; Chuck R. Pardue; Warlick, Tritt, Stebbins & Murray, Jennifer T. Kerr</u>, for Webb et al.